## MOUNGER v. WELLS et al.

Circuit Court of Appeals, Fifth Circuit.
January 19, 1928.

### No. 5215.

Trial ⊜⊶11(2)—Action at law for accounting held improperly transferred to equity docket, on ground that account was complicated and legal remedy inadequate.

An action on account for alleged services of plaintiffs as brokers, and expenses incident thereto, with credits given for amounts received, is properly one at law, and where it did not appear from the record that matters involved were too complicated for proper handling by a jury, it was error to transfer the cause to the equity docket over defendant's objection, and thus deprive him of the right to trial by jury.

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

Suit in equity by Charles W. Wells and others against L. E. Mounger and others, transferred from law to equity docket. Decree for plaintiffs, and defendant Mounger appeals. Reversed and remanded.

Travis B. Moursund, of San Antonio, Tex. (Cunningham, Moursund & Johnson, all of San Antonio, Tex., on the brief), for appellant.

J. R. Locke, of San Antonio, Tex., and Ed. Rightor, of New Orleans, La. (Wilbur L. Matthews, of San Antonio, Tex., and Templeton, Brooks, Napier & Brown, of San Antonio, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This suit was brought at law by the appellees against the appellant and others to recover a stated amount of money, with interest thereon, alleged to be due to the appellees from the persons sued. The allegations of the appelles' petition show that they are cotton brokers engaged in the business of buying and selling cotton on the New Orleans Cotton Exchange on commission, and that the principal amount claimed was the balance owing to them as the result of their executing sundry orders for the purchase or sale of cotton for future delivery, sent from several different places of business in Texas during a period of more than one year by the appellant, or others authorized to bind him; such balance being the difference between the aggregate of the amounts charged on the accounts kept by appellees for expenses incurred in filling the orders, for losses sustained in the transactions, and for commissions, and the aggregate of the amounts of payments made to appellees on such orders, profits realized, and credits for part of the commissions allowed to appellant who also was a member of the New Orleans Cotton Exchange, and was entitled to share in the commissions. Exhibits attached to appellees' petition contained separate itemized statements as to transactions under the orders from each of the places of business, the total of such orders being about 150; one of the exhibits containing a statement summarizing or consolidating those separate itemized statements.

The appellant's answer to the petition put in issue its material allegations, denied that orders for the purchase or sale of cotton which were filled by appellees were given by him, or by any one authorized to bind him, and set up that the alleged purchases and sales of cotton futures were gambling transactions, on which the appellant was not liable. On its own motion the court ordered the case transferred to the equity docket, that order containing the recital: "It appearing to the court that this cause presents for decision a matter of accounting so involved, so voluminous and technical, as to require the interposition of the chancellor, it is ordered," etc. That order was made over the appellant's objection, on the grounds that the suit was properly brought at law, that all that appellees sought was a money judgment, and that the effect of the transfer was to deprive appellant of his right of trial by jury. The result of the trial by the court without a jury was a money judgment against the appellant for the amount sued for. The evidence was quite conflicting, a phase of it tending to prove that appellant was not liable for that amount.

The demand asserted was a purely legal one. No discovery or accounting by appellant was sought. The appellees claimed no equitable right and sought no equitable remedy. The case involved only an account on one side for alleged services rendered by the appellees as brokers and expenditures incident to the rendition of such services, with credits for amounts chargeable against appellees. It cannot well be said that the account, including the itemized and the consolidated statements, was complicated or intricate, though the process of sustaining it by evidence might be made a tedious one, in which the services of an auditor or accountant might be needed for the assistance of the jury in such matters as calculations required to determine the correctness of items and aggregate amounts involved, as often is true in a suit on an account for goods sold, where a controverted account sued on includes many

articles sold during a considerable period of time, and a statement of the account requires many calculations to ascertain the correctness of charges made for goods sold at stated prices. In such a case a jury may be aided in its task by an auditor or accountant appointed by the court (Craven v. Clark [C. C.] 186 F. 959), or by the testimony of witnesses skilled in accounting.

In view of the availability of such aids it well may be concluded that it was not made to appear by the record in the instant case that the matters in controversy were too complicated for proper handling by a jury in a trial at law. This being so, the remedy at law is not to be regarded as so inadequate as to justify the transfer of the case to the equity side of the court, thereby depriving the appellant of the privilege of having a trial by jury. Fowle v. Lawrason, 5 Pet. 495, 8 L. Ed. 204; Daley v. Kennett, 75 N. H. 536, 78 A. 123, 39 L. R. A. (N. S.) 45, and note. We think the court erred in ordering such transfer. Because of that error the decree or judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion; the costs of the appeal to be divided between the parties, one-half thereof to be taxed against the appellant, and the other half against appellees.

Reversed.