## MOUNGER v. WELLS et al.

Circuit Court of Appeals, Fifth Circuit.
February 8, 1929.

No. 5460.

Travis B. Moursund and A. N. Moursund, both of San Antonio, Tex. (Cunningham, Moursund & Johnson, of San Antonio, Tex., on the brief), for appellant.

J. R. Locke, of San Antonio, Tex., and Edward Rightor, of New Orleans, La. (Wilbur L. Matthews, Templeton, Brooks, Napier & Brown, and Kelso, Locke & King, all of San Antonio, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This is a suit brought at law by appellees to recover certain balances alleged to be due upon a series of transactions for the purchase and sale of cotton for future delivery upon the New Orleans Cotton Exchange. There was judgment for appellees, and error is assigned to the entering of judgment on the verdict rendered.

On a former trial we were constrained to reverse a decree in favor of appellees because the District Court on its own motion had ordered the case transferred to the equity docket. The opinion formerly rendered states the issues more fully, and no more need be said on that score. See 23 F.(2d) 374.

On the second trial the jury was required to render a special verdict by answering 14 questions propounded by the court. Question No. 1 was as follows: "Did plaintiffs and defendant Mounger in the transactions sued on, intend at the time of making them that no actual delivery of the cotton would be made upon said transactions? Answer yes or no." To this the jury answered: "Yes."

Question No. 2 was as follows: "If you have answered the foregoing question 'Yes,' then answer the following question: Did plaintiffs and defendants, in the transactions sued on, intend at the time of making them that the transactions should be settled through the rules and methods prescribed by the Cotton Exchange? Answer yes or no." To this the jury also answered: "Yes."

The other questions and answers are not material to a decision.

It is evident that the answers above set out are in irreconcilable conflict. If no actual delivery of cotton was intended to be made, the transaction would be classed as gambling, and recovery could not be had under the law of Texas. On question No. 2 the contrary result would be reached, for the rules and methods prescribed by the New Orleans Cotton Exchange contemplate actual delivery if the parties did not settle their transactions otherwise before the delivery date, and the transactions would be legal.

On these conflicting findings by the jury no verdict could be rendered one way or

the other. In this state of the case the court endeavored to make additional findings of fact, and did so as follows: "In addition to the foregoing verdict and findings of the Jury the Court finds from the evidence, as a fact, that Plaintiffs and defendant, Mounger, did not at the time of entering into the transactions involved in this suit, intend that such contracts would be carried until their maturity and settled by the payment of the difference between the contract price and the market price thereon at such date, but that the Plaintiffs intended that should the parties elect to carry said contracts to maturity, actual delivery of the cotton would be made thereon."

The court had previously overruled a motion by plaintiffs for a directed verdict. It was not its province to make findings of fact in the manner attempted; but, even if it was, the findings are still in hopeless conflict.

It is unfortunate that the case was submitted to the jury for a special verdict. No doubt they were confused in answering the questions clearly, as, if either was answered, "Yes," the other should have been answered, "No," to be consistent. It would have been simpler and more conclusive to have left the whole case to the jury for a general verdict. As it is, we are again constrained to reverse the judgment, as it was error to enter it on the conflicting findings of the jury.

Reversed and remanded.