### MOUNGER v. WELLS et al.
### No. 5841.

Circuit Court of Appeals, Fifth Circuit.
Nov. 22, 1930.

Travis B. Moursund, of San Antonio, Tex. (A. N. Moursund and Cunningham, Moursund & Johnson, all of San Antonio, Tex., on the brief), for appellant.

Harper Macfarlane and J. R. Locke, both of San Antonio, Tex. (Edward Rightor, of New Orleans, La., and Templeton, Brooks, Napier & Brown and Kelso, Locke & King, all of San Antonio, Tex., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and HUTCHESON, District Judge.

### FOSTER, Circuit Judge.

In this case both appellant and appellees are brokers, members of the New Orleans Cotton Exchange, and engaged in the business of buying and selling cotton on future contracts. Appellees brought suit to recover one-half the commissions and certain expenses on a number of such transactions alleged to have been executed on telegraphic instructions from appellant. The balance sued for, exclusive of interest and costs, amounted to $3,800.79. On two previous appeals judgments in favor of appellees were reversed for serious technical errors not affecting the merits of the claim. See Mounger v. Wells et al. (C. C. A.) 23 F.(2d) 374, and (C. C. A.) 30 F.(2d) 521. On this trial of the case in the District Court, for the first time, appellant filed a plea to the jurisdiction of the court, alleging that several items claimed, principally one on the account of Mose Heidenheimer, amounting to $1,569.27, had been fraudulently included in the suit for the purpose of vesting jurisdiction. The District Judge heard the evidence on the plea, including the testimony of a number of witnesses, and overruled it. The case was submitted to the jury and resulted in a verdict for appellees upon which judgment was entered, with interest and costs.

Error is assigned to the overruling of the plea to the jurisdiction. It is apparent that the question presented on the plea was not different to the defense on the merits. There was some conflict in the evidence, but it clearly preponderated in favor of appellees. Furthermore, as the judge saw and heard the principal witnesses, the decision of the District Court on the facts is entitled to great weight. The rule is well settled that a suit cannot be properly dismissed by a District Court as not substantially involving a controversy within its jurisdiction unless the facts create a legal certainty of that conclusion. Wetmore v. Rymer, 169 U. S. 115, 18

S. Ct. 293, 42 L. Ed. 682. It was not error for the District Court to overrule the plea.

All the other errors assigned run to portions of the judge's charge and to the refusal to give certain instructions requested by appellant. It is sufficient to say that the District Court fully and clearly charged the jury as to the law applicable to the case, and error does not appear from either the portions of the charge excepted to or the instructions refused.

The record presents no reversible error. Affirmed.