## JOHNSON v. CAPITOL LIFE INS. CO.
### No. 7607.

Circuit Court of Appeals, Ninth Circuit.

June 17, 1935.

Sloan, McKesson & Scott, Theodore G. McKesson, Greig Scott, and Edwin D. Green, all of Phoenix, Ariz., for appellant.

Armstrong, Kramer, Morrison & Roche, of Phoenix, Ariz., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

Appellant brought this action to recover the sum of $9,533.67. The defendant filed an answer containing two counts. In the first count it denied liability. In the second count it alleged that by reason of the violation of a contract of employment between the appellant as employee and the appellee as employer the plaintiff was not entitled to recover. The defendant also set up "by way of offset and counterclaim" four items, the first item, $5,028.86; the second item, $7,900; the third item, $2,047.46; and the fourth item, $2,023.67. Before the defendant answered, it demanded, the court ordered, and the plaintiff furnished, a bill of particulars in which the items in the account between the plaintiff and defendant were stated showing as a balance the amount sued for in the amended complaint.

On April 4, 1934, defendant moved to transfer the case to the equity docket on the ground that "as appears from the pleadings on file herein, this case involves the examination and determination of mutual, complicated, and complex accounts, which will require the production, introduction and investigation of many books, papers and documents, by reason of which it would be difficult and practically impossible for a jury to unravel the numerous transactions involved, and that justice could not be done herein except by employing the methods of investigation peculiar to courts of equity." This motion was opposed by the appellant. The court granted the motion, and subsequently, on April 24, 1934, filed his findings of fact and conclusions of law followed by a decree in favor of the appellee for the following amounts separately stated in the decree: $4,647.49, $2,047.46, $2,535.06, and $34.65 costs.

The findings of fact contain the following: "7. That this suit was transferred from the law side to the equity side of the docket of this court upon motion of defendant and showing in support thereof that the case, under the pleadings, involved the examination and determination of mutual, complicated and complex accounts between the plaintiff and defendant, and required the production, introduction and investigation of many books, papers and documents, by reason of which it would be difficult and practically impossible for a jury to unravel the numerous transactions involved, and that justice could not be done herein except by employing the methods of investigation peculiar to courts of equity; that it also involved a fiduciary trust as to all moneys or other obligations or securities belonging to the company, collected or received by the plaintiff as the agent of the defendant, and also involved forfeitures of the contract claimed by defendant and a waiver of the terms of the written contract pleaded by plaintiff in his replication."

As a conclusion of law from this and other facts, the trial court found as follows: "1. This is a case over which equity has jurisdiction by reason of the fact that there are involved therein the examination and determination of mutual, complicated and complex accounts between the plaintiff and the defendant, the determination of questions relating to a fiduciary trust, the determination of claimed forfeitures of a written contract, and the determination of a claimed waiver of the terms of a written contract."

It is clear that the action was one at law. The counterclaims and set-offs pleaded by the defendant were properly pleaded and cognizable in a court of law. While it is now true that equitable defenses may be interposed and equitable relief sought in an action at law in the federal courts (Judicial Code § 274b, 28 USCA § 398), and that in such case the district judge sitting in the action at law may transfer the case to the equity side of the court (Liberty Oil Co. v. Condon Nat'l Bank, 260 U. S. 235, 43 S. Ct. 118, 67 L. Ed. 232), no equitable defense was interposed in the case at bar. The action, both before and after the filing of the defense, was one purely at law. The trial court was in error in transferring the case and thus denying the appellant the right to trial of the issues by a jury.

It should be remembered that the jurisdiction of law and equity courts in actions involving accounting is in large measure concurrent. Tillar v. Cook et al., 77 Va. 477. We quote from Cyclopedia of Federal Procedure, vol. 7, § 3403, as follows: "The jurisdiction of equity in matters of account is concurrent with law, it is said, and the object in either case is the recov-

ery of a money judgment but by different methods. [Balfour v. San Joaquin Valley Bk. (C. C.) 156 F. 500] What seems to be a better statement of the rule is, that 'where it is evident that under the machinery of a court of law, great difficulties would attend the statement of an account, courts of equity have a jurisdiction concurrent with courts of law.' " Citing, Fechteler v. Palm Bros. & Co. (C. C. A.) 133 F. 462.

It is clear that, to invoke the jurisdiction of a court of equity for an accounting, the facts giving jurisdiction to such a court must be pleaded. In the case at bar, there was no pleading on the part of the defendant invoking the equitable jurisdiction of the court; the order transferring the case to the equitable side of the court, which had the effect of depriving appellant of its right to try the action at law before the jury, was erroneous. A similar order by a trial judge in a similar action at law was held erroneous by the Circuit Court of Appeals for the Fifth Circuit in Mounger v. Wells, 23 F.(2d) 374. The Circuit Court of Appeals for the Sixth Circuit in Burlew v. Fidelity & Casualty Co., 64 F.(2d) 976, 978, in a law action which had been transferred to the equity side of the court, "owing to difficulties of proof," stated that they knew of no precedent for such a transfer on that ground.

In view of this clear error, we find it unnecessary to consider the propriety of the transfer by a court of law having jurisdiction of the action to a court of equity having concurrent jurisdiction, of an action at law involving a complicated account, where, under modern practice, the jury in the action at law can have the aid of an auditor or accountant appointed by the court in interpreting and settling the complicated accounts involved. See on this subject the following cases: Mounger v. Wells, supra; Craven v. Clark (C. C.) 186 F. 959; Bellingham v. Palmer, 54 N. J. Eq. 136, 141, 33 A. 199; Lewis v. U. S. (C. C. A.) 38 F.(2d) 406; Harris v. U. S. (C. C. A.) 48 F.(2d) 771, 777; Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919; Pomeroy's Eq. Remedies (2d Ed.) vol. 5, § 2357; Broderick v. American Gen'l Corporation (C. C. A.) 71 F.(2d) 864, 867, 94 A. L. R. 1359.

Decree reversed, with directions to proceed on the law side of the court.