**MISSOURI PACIFIC RAILROAD COMPANY, Appellant,**

v.

**Elena SALAZAR et al., Appellees.**

**No. 16970.**

United States Court of Appeals
Fifth Circuit.

April 30, 1958.

Rehearing Denied June 26, 1958.

T. Gilbert Sharpe, Sharpe, Cunningham & Garza, Brownsville, Tex., for appellant.

William E. York, McAllen, Tex., Ben S. Hardy, Brownsville, Tex. (Ewers, Cox & Toothaker, McAllen, Tex., of counsel), for appellees.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

This appeal from a judgment in a suit for death damages resulting from a crossing collision presents two questions for decision.

One of these is whether the answers of the jury, "Yes" and "It was" to Special Issues 14 and 15, respectively,[1] are

---

1. "Special Issue No. 14: Do you find from a preponderance of the evidence that immediately prior to the collision in question, any member of defendant's crew failed to keep a proper lookout, as that term is herein defined?
    "Answer 'Yes' or 'No'
    " 'Answer: *Yes*

" 'Proper lookout', as that term is used in this charge, means such a lookout as would be maintained by a person of ordinary prudence in the exercise of ordinary care *under the same or similar* circumstances.
    "If you have answered the foregoing issue 'Yes', then proceed to answer:

so inconsistent with, indeed contradictory of their answers to other issues answered in defendant's favor, and also so without support in the evidence, that the judgment for plaintiff must be reversed and a judgment entered for defendant on the verdict.

The other, in the alternative, is whether these answers are so inconsistent with and contradictory of the answers of the jury to other issues, and particularly to issues 38 and 39,[2] that the verdict will not support any judgment, and that the judgment must be reversed and the cause remanded for trial anew.

The suit grows out of a collision between a train of the defendant and an automobile in which the deceased was riding as a passenger. The answers of the jury to most of the issues were favorable to the defendant, and it is here insisting that the answer "Yes" to Special Issue No. 14 and the answer "It was" to Special Issue No. 15, on which plaintiff's judgment depends, are without support in the evidence and that upon the answers of the jury to the other issues and the controlling principles of law, as declared and applied in Missouri-Kansas-Texas Ry. Co. of Texas v. Lane, 5 Cir., 213 F.2d 851 and Brown v. Louisville & N. R. Co., 5 Cir., 234 F.2d 204, the first an appeal from a judgment on a jury verdict, the second an appeal from a judgment on findings in a non-jury case, the judgment for plaintiff must be reversed and judgment entered for defendant on the verdict.

Insisting that no negligence, which was the proximate cause of the injury, could under the record in this case be properly found, and that the answers to Issues Nos. 14 and 15 must be disregarded, appellant points in support to findings of the jury: that the defendant gave all proper and warning signals; that there was no obstruction to prevent the driver of the automobile from seeing the train; that he was guilty of negligence which was a proximate cause of the collision; and that the employees of the defendant were not negligent in failing to discover the perilous situation of those in the automobile in time to avert the collision.

While a thorough and careful consideration of the record and of the cited cases in the light most favorable to plaintiff's claim, prevents our agreeing with the appellant: that there is no evidence on which a finding favorable to plaintiff could rest and the judgment must therefore be reversed and here rendered for appellant; we are of the clear opinion that the answers of the jury are so completely inconsistent and contradictory

"Special Issue No. 15: Do you find from a preponderance of the evidence that such failure, if any, was a proximate cause of the collision in question?
"Answer 'It was' or 'It was not.'
"Answer: *It was*"

2. "Special Issue No. 38: Do you find from a preponderance of the evidence that Conductor Farrow, or the fireman or engineer of the defendant railroad company, discovered the perilous position, if any, of the pick-up truck and its occupants or discovered that said pickup truck and its occupants was about to enter a position of peril, if any, immediately before the collision in question?
"Answer this issue 'Yes' or 'No.'
"We the Jury answer: *Yes.*

"If you have answered the foregoing special issue 'Yes' and only in that event, proceed to answer the following special issue:

"Special Issue No. 39: Do you find from a preponderance of the evidence that after Conductor Farrow, or the fireman or engineer of the defendant railroad company, discovered the perilous position of said pick-up truck and its occupants, or that it was about to enter such position of peril (if you have so found), that the said Conductor Farrow or the fireman or engineer of the defendant railroad company, became aware, or by the exercise of ordinary prudence ought to have been aware, in time to have averted the collision in question by the use of ordinary care in the use of the means at hand consistent with the safety of himself, the train, and its occupants, that the said pick-up truck and its occupants either probably could not escape from such perilous position, or would be unlikely to do so.
"Answer 'Yes' or 'No'.
"We, the jury, answer: *No.*".

that the verdict will not support a judgment. We reach this conclusion because, though the language used in submitting Issues Nos. 14, 38 and 39 is not identical, it is in substance the same. In each issue, the attention of the jury is directed, and its finding is asked with reference, to a time immediately prior to the collision. In answering "Yes" to Issue No. 14, that there was negligence in failing to keep a look-out at that time, and "No" to Issue No. 39, that there was not such negligence, the jury gave completely contradictory answers. Matters standing thus, we are constrained to hold: that the inconsistency in the answers is such that the verdict will support neither the judgment entered below nor any other judgment; and that the judgment appealed from must be reversed and the cause remanded for trial anew.