**Donald C. MARTIN, Appellant,**

v.

**GULF STATES UTILITIES COMPANY,**
**Appellee.**

**No. 21352.**

United States Court of Appeals
Fifth Circuit.

April 12, 1965.

See also D.C., 221 F.Supp. 757.

J. Minos Simon, Lafayette, La., for appellant.

W. C. Hollier and Bailey & Mouton, Lafayette, La., for appellee.

Before GEWIN and BELL, Circuit Judges, and McRAE, District Judge.

McRAE, District Judge:

This personal injury action, based upon proper allegations conferring diversity jurisdiction, was submitted to a jury on special interrogatories pursuant to the provisions of Rule 49(a), Federal Rules

of Civil Procedure. The jury found defendant, Gulf States Utilities Company (Gulf States), guilty of negligence, and plaintiff, Donald C. Martin (Martin), guilty of contributory negligence. Judgment was entered for Gulf States and Martin appealed.

Martin, an apprentice electrician, was injured by an electrical shock which he received when he attempted to move an uninsulated service cable which was attached to one of the utility poles of Gulf States.

On the utility poles were two wooden crossarms. The upper crossarm supported a number of horizontal, high voltage wires. A number of distribution wires carrying low voltage currents were attached to insulators slightly above the lower crossarm, and then to a transformer located below the lower crossarm. The high voltage wires were connected to the transformer by means of a high voltage wire that ran vertically upward from the transformer. There was a ground cable attached to the pole with grounding wires leading to it.

A de-energized triplex service cable extended from the utility pole to the nearby residence of a Mrs. Janin. This cable had never carried electricity, and it had been attached to Mrs. Janin's house without her request or authorization. Mrs. Janin employed Martin to move this cable to a service box which Martin had installed on Mrs. Janin's house in order to provide her with direct electrical service. This cable was not attached to the grounding apparatus on the utility pole.

The evidence establishes that Martin tested the cable, before he took hold of it, in order to make sure that it carried no electrical current. He also inspected the pole and saw the grounding wires. Martin then took hold of the cable and began to move it. As the cable was being moved, it came in contact with the vertical high voltage wire, with resulting injuries to Martin.

Sometime before the accident Martin had inquired of one of the employees of Gulf States about relocating the cable. Martin was told to get in touch with Gulf States and one of its linemen would relocate the cable. Martin did not follow this advice.

The Court submitted the case to the jury upon four "special issues."[1]

1. Following are the first three of the four "special issues" submitted to the jury:

"SPECIAL ISSUE NO. 1: Do you find from a preponderance of the evidence that the accident in question was not the result of an unavoidable accident?

"Answer 'It was the result of an unavoidable accident' or 'It was not the result of an unavoidable accident'.

"ANSWER: It was not the result of an unavoidable accident.

"If you have answered Special Issue No. 1 'It was the result of an unavoidable accident', you need proceed no further with your deliberations. You should have your foreman sign your verdict in the space provided and return it into open court.

"If you have answered the foregoing Special Issue No. 1, 'It was not the result of an unavoidable accident', but only in that event, then answer the following Special Issues, or such of them as may be necessary according to specific explanations in connection with said issues.

"SPECIAL ISSUE NO. 2: Do you find from a preponderance of the evidence that the defendant, Gulf States Utilities Company, was guilty of 'negligence' which in whole or in part was a 'proximate cause' of the accident in question in any one or more of the following respects:

"(a) In maintaining its pole and electrified wires carrying high voltage current on such pole so that they could not be readily seen and observed from the ground?

"Answer 'Yes' or 'No'.

"ANSWER: No

"(b) In maintaining its high voltage lead wires on said pole in an uninsulated condition?

"Answer 'Yes' or 'No'.

"ANSWER: No

"(c) In maintaining said pole with uninsulated high voltage wires strung vertically and horizontally thereon leading to the transformer, below the secondary line or low voltage wire on this pole?

"Answer 'Yes' or 'No'.

"ANSWER: No

"(d) In installing and maintaining on said pole a service wire with a bare or

The jury deliberated for almost twelve hours before returning its verdict. From the very beginning of their deliberations it is apparent that they were troubled and confused as to how they could consistently answer the questions. They wrote no less than seven notes to the judge in an effort to discharge their

uninsulated conductor wire without grounding said service wire?

"Answer 'Yes' or 'No'.
"ANSWER: Yes

"(e) In leading plaintiff to believe the service wire was grounded by maintaining a visible ground wire on the pole in question, without actually connecting the service wire to it?

"Answer 'Yes' or 'No'.
"ANSWER: Yes

"(f) In maintaining the service wire installation and high voltage wires in close proximity thereto strung vertically on said pole, above the transformer located on the pole?

"Answer 'Yes' or 'No'.
"ANSWER: No

"(g) In extending and leaving the service drop wire from the pole to the Janin residence, without authority or request from the property owner or some person authorized by her?

"Answer 'Yes' or 'No'.
"ANSWER: Yes

"If you have answered Special Issue No. 2 'No' in all parts, and have found defendant Gulf States to be free of 'negligence' as that term is defined herein for you, you need proceed no further with your deliberations. Your foreman should sign your verdict in the space provided and return it into court.

"If you have answered Special Issue No. 2 or any part thereof 'Yes', but only in that event, then answer Special Issue No. 3 and the following Special Issues or such of them as may be necessary according to specific explanations in connection with said issues.

"SPECIAL ISSUE NO. 3: Do you find from a preponderance of the evidence that the plaintiff, Donald C. Martin, was guilty of negligence which was aproximate cause of the accident in question in any one or more of the following respects:

"(a) In failing to request defendant, Gulf States, to move and relocate the service wire leading to Mrs. Janin's residence?

"Answer 'Yes' or 'No'.
"ANSWER: No

"(b) In failing to call defendant, Gulf States, for permission to move the service wire to Mrs. Janin's meter, or to advise them of his intention to do so?

"Answer 'Yes' or 'No'.
"ANSWER: Yes

"(c) In taking hold of the service wire leading to Mrs. Janin's residence and attempting to move it, knowing it to be attached to the pole above the transformer and in close proximity to uninsulated wires carrying high voltage?

"Answer 'Yes' or 'No'.
"ANSWER: No

"(d) In taking hold of the service wire under all of the circumstances of this case, knowing that it had a bare conductor wire, without first determining whether or not it was safe to do so?

"Answer 'Yes' or 'No'.
"ANSWER: No

"(e) In failing to determine with certainty the location of the wires strung vertically on defendant's pole leading to the transformer from the uninsulated high voltage wires before lowering or moving the service cable in question?

"Answer 'Yes' or 'No'.
"ANSWER: Yes

"(f) In that he knew or in the exercise of ordinary care should have known that what he was doing was dangerous and could reasonably be expected to result in his injury?

"Answer 'Yes' or 'No'.
"ANSWER: No

"(g) In failing to use safety devices available to him which would have prevented his injury or otherwise keep a proper lookout for his own safety?

"Answer 'Yes' or 'No'.
"ANSWER: No

"If you have answered Special Issue No. 3 or any part thereof 'Yes', you need proceed no further in your deliberations herein; have your foreman sign the verdict in the space provided and return same into open court as your verdict.

"On the other hand, if you have answered Special Issue No. 3 'No', that is, that you have found that plaintiff was not guilty of 'contributory negligence' as that term is defined in these instructions for you, in any respect, then and only then, you are to answer the following Special Issue:

"SPECIAL ISSUE NO. 4 deals solely with damages and need not be considered in the decision of this case."

duties. One note stated, "Within the framework of the instructions the jury cannot agree." Another note stated, "Our troubles with No. 3 arise from the requirement that if we vote 'yes' on any paragraph we cannot qualify our complete answer by acting on the other subparagraphs."

The question for determination is whether the issues as drafted contained such contradictions, ambiguities or inconsistencies as to vitiate the verdict and the judgment rendered for Gulf States and against Martin. After careful examination, this Court has reached the conclusion that the answers cannot be logically reconciled. No useful purpose would be served by making a comprehensive analysis of the interrogatories submitted to the jury. The following example will suffice to illustrate the dilemma that faced the jury.

In the first place, it was found that "It [the accident] was not the result of an unavoidable accident." Then, in answering Special Issue No. 3(b) the jury found that Martin was negligent in failing to call Gulf States for permission to move the service wire to Mrs. Janin's meter or to advise Gulf States of his intention to do so; and yet the jury found, in answering Special Issue No. 3(a), that Martin was *not* negligent in failing to request Gulf States to move and relocate the service wire leading to Mrs. Janin's house. The jury further found, in answering Special Issue No. 2(d), that Gulf States was negligent in installing and maintaining on the pole a service wire with a bare or uninsulated conductor wire without grounding the service wire. It is difficult to understand how Martin's failure to call Gulf States for permission to move the cable coula be contributory negligence such as to bar recovery for Gulf States' negligence in installing and maintaining the bare, uninsulated and ungrounded high voltage wire, which was an intervening and independent cause of the accident.

Martin contends, in effect, that an analysis of the remaining answers to Special Issue No. 2 and Special Issue No. 3 plainly shows that the jury believed that Martin was not contributorily negligent, and that the proximate cause of his injuries was Gulf States' failure to ground the service wire; but that the issues were so framed as to make it impossible for the jury to achieve this result.

Although the Court is of the opinion that there was no abuse of discretion in submitting the case to the jury pursuant to the provisions of Rule 49(a), the conclusion is inescapable that the conflicts and inconsistencies in the issues as framed made it impossible for the jury to render a verdict in accordance with the convictions which they held. This conclusion is strengthened by the length of time spent by the jury in its deliberations and the numerous notes from the foreman to the Court seeking guidance and clarification of what they were supposed to do.

The rule is of course settled that the Court should make all reasonable efforts to reconcile apparently inconsistent answers in a special verdict. Such efforts in the present case have been to no avail.

Martin also urged that the trial court erred in permitting the jury to view the scene of the accident, since its physical appearance had been substantially altered since the accident by the trimming of the trees around the utility pole. On the facts as disclosed by the record, this Court is of the opinion that there was no abuse of discretion by the trial court in permitting a view.

The judgment is reversed and the cause is remanded for proceedings not inconsistent with this opinion.