Eva Marin **WRIGHT** and Gerald Wright, Plaintiffs-Appellants,

v.

**KROEGER CORPORATION**, Defendant-Appellee.

No. 26806.

United States Court of Appeals Fifth Circuit.

Jan. 21, 1970.

J. E. Tatum, of Gibson & Tatum, David A. Gibson, Houston, Tex., for appellants.

Ronald C. Kline, Bracewell & Patterson, Houston, Tex., for appellee.

Before GEWIN, COLEMAN and DYER, Circuit Judges.

DYER, Circuit Judge:

This diversity action for false imprisonment was submitted to the jury on

four written questions and the jury awarded the plaintiffs $5,000.00 damages. Despite the fact that there was an inconsistency in the answers to the interrogatories the trial court determined that the defendant was entitled to prevail and entered judgment that the plaintiffs take nothing. We reverse and remand for a new trial.

On June 3, 1965, Mrs. Wright and her sister were shopping at the defendant's store in Houston, Texas. As the sister left the store she was approached concerning her suspected shoplifting there. She returned inside the store to the check-out area where her purse was searched by store employees and a radio found which she admitted taking. She then began to cry and Mrs. Wright, who was about to leave the store, noticed the disturbance and returned to the check-out area to find out what had happened. She was asked to leave and refused. She and her sister were then ushered to a backroom to await further investigation.

In the backroom a store employee asked Mrs. Wright to display the contents of her purse. She refused and the employee asked her if she would allow her purse to be searched if the police were called. She responded in the affirmative and a policeman was summoned. Upon his request Mrs. Wright revealed the contents of her purse which included a sunsuit that was still folded and pinned. She admitted that the sunsuit came from defendant's store but persistently stated it was purchased about two weeks before by her husband.[1] Subsequently, Mrs. Wright went to jail and charges were filed against her, but the case was later dismissed.

Following the dismissal of the prosecution against her, Mrs. Wright, joined by her husband as a plaintiff, filed the instant action for false imprisonment. Rule 49(a), F.R.Civ.P. provides that the court may require the jury to return a special verdict in the form of a special written finding upon each issue of fact. That was the procedure followed by the trial court in this case. The following are the questions submitted to the jury and the answers given to each:

QUESTION NO. ONE

At the time in question did the employees of Kroeger Corporation falsely imprison or unlawfully restrain Mrs. Wright?

Answer: Yes.

If you have answered Question No. 1 "Yes," and only in that event, then answer the following:

QUESTION NO. TWO

Was such false imprisonment or unlawful restraint by the employees of Kroeger Corporation without Mrs. Wright's consent?

Answer: Yes.

If you have answered Question No. 2 "Yes," and only in that event, then you will answer the following:

QUESTION NO. THREE

Did the employees of Kroeger Corporation at the time have reasonable grounds to believe that Mrs. Wright might have on her person stolen property belonging to that store?

Answer: Yes.

QUESTION NO. FOUR

What amount of money, if now paid in cash, will fairly and reasonably compensate Mrs. Wright for her false imprisonment, if any, or unlawful restraint, if any, by the employees of Kroeger Corporation on June 3, 1965?

Answer: $5,000.00.

■ Plaintiffs contend that the answer to Question No. 3 is inconsistent with the answers to the other three questions because a false imprisonment or unlawful restraint without consent (Questions No. 1 and 2) is, under Texas law and the instructions given to the

---

1. A cancelled check dated approximately two weeks prior to June 3 was introduced to support Mrs. Wright's contention.

jury in this case, a restraint without probable cause (Question No. 3). Defendant argues that the finding of the probable cause element in Question No. 3 is not inconsistent with the other questions, but that it merely supplies a complete defense to an otherwise good tort claim in much the same way a finding of contributory negligence would provide a complete defense to a negligence claim.[2]

It is our duty, where there is a view of the case that makes the jury's answers to the special interrogatories consistent, to resolve them that way. Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd., 1962, 369 U.S. 355, 82 S.Ct. 780, 7 L.Ed.2d 798; Wattigney v. Southern Pacific Company, 5 Cir. 1969, 411 F.2d 854; Waterman Steamship Corporation v. David, 5 Cir. 1965, 353 F.2d 660; Martin v. Gulf States Utilities Company, 5 Cir. 1965, 344 F.2d 34; R. B. Company v. Aetna Insurance Company, 5 Cir. 1962, 299 F.2d 753; McVey v. Phillips Petroleum Company, 5 Cir. 1961, 288 F.2d 53. However, in attempting that resolution we are bound by the rule that a special verdict must be construed in light of the surrounding circumstances, including the instructions of the court. McVey v. Phillips Petroleum Company, supra. In the instant case the jury was instructed that under Texas law a false imprisonment or unlawful restraint is one made without reasonable grounds to suppose that the detained person has any stolen property on his person.[3] By its answers to Questions One and Two the jury found such an unlawful restraint. Nevertheless, in Question Three it also found there were reasonable grounds to believe that plaintiff had on her person stolen property belonging to the store. Since, by definition and under the charge to the jury, a false arrest or imprisonment is one for which there is no probable cause, finding number three is inconsistent with the other findings. The jury must have been confused. Had it thought that its answer to Question No. 3 provided a complete defense, as defendant suggests, it would not have awarded plaintiff $5,000.00 damages in Question No. 4. It thus appears that the jury's findings are irreconcilable.

"Where the answers of the jury, upon which the court's judgment depends, are so * * * conflicting and inconsistent that they cannot be reconciled, a special verdict will not support a judgment and the cause must be reversed for a new trial. Martin

2. There is no question that under Texas law a plaintiff cannot recover where the restraint is the result of a reasonable belief by the defendant, his agent or employee that the plaintiff was in possession of stolen property. Tex.Code Crim.Pro., 1925, Art. 325 (now Vernon's Ann.Tex. Code Crim.Pro., 1965, Art. 18.22); Burnaman v. J. C. Penney Company, S.D.Tex.1960, 181 F.Supp. 633.

3. The trial court's instruction was not precisely in this language, but it is clear that this is the idea to be gleaned from the charge, which reads in part:

'False imprisonment' or 'unlawful restraint,' as used in this charge, is meant [sic] the willful detention of a person against that person's consent and where such imprisonment or restraint is not expressly authorized by law * * *

* * * * *

The requisite provisions of the Code of Criminal Procedure in effect at the time, Article 325, reads [sic] as follows:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay.'

* * * * *

The defendant Kroeger Corporation denies that they falsely imprisoned or unlawfully restrained Mrs. Wright at the time *and contend* [sic] *that, in accordance with the provisions of Article 325, they had reasonable grounds to suppose that Mrs. Wright had stolen property on her person.* * * * (Emphasis added.)

v. Gulf States Utilities Company, 5th Cir. 1965, 344 F.2d 34; R. B. Company v. Aetna Insurance Company, 5th Cir. 1962, 299 F.2d 753; Missouri Pacific Railroad Company v. Salazar, 5th Cir. 1958, 254 F.2d 847; Mounger v. Wells, 5th Cir. 1929, 30 F.2d 521. Such is the case here. The judgment of the district court is reversed and the cause remanded for a new trial."

Royal Netherlands Steamship Company v. Strachan Shipping Company, 5 Cir. 1966, 362 F.2d 691, 694; *accord,* Loffland Brothers Company v. Roberts, 5 Cir. 1967, 386 F.2d 540, cert. denied, 389 U.S. 1040, 88 S.Ct. 778, 19 L.Ed.2d 830.

Reversed and remanded.