991 F.2d 789
 25 Fed.R.Serv.3d 528
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Steven HANSON, d/b/a Hanson Excavating, Plaintiff-Appellee,
v.
CERRONE & ASSOCIATES, INCORPORATED, Defendant-Appellant,
CLAYWOOD PARK PUBLIC SERVICE DISTRICT, a public corporation
and political subdivision of the State of West
Virginia, Defendant-Appellee,
v.
OHIO CASUALTY INSURANCE COMPANY, Third Party Defendant.
Steven HANSON, d/b/a Hanson Excavating, Plaintiff-Appellee,
v.
CLAYWOOD PARK PUBLIC SERVICE DISTRICT, a public corporation
and political subdivision of the State of West
Virginia, Defendant-Appellant,
CERRONE & ASSOCIATES, INCORPORATED, Defendant-Appellee,
v.
OHIO CASUALTY INSURANCE COMPANY, Third Party Defendant.
 Nos. 91-1872, 91-1889.
 United States Court of Appeals,
Fourth Circuit.
 Argued: September 28, 1992
Decided: April 5, 1993
 
 Appeals from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CA-90-609-A)
 Argued: W. Henry Lawrence, IV, Steptoe & Johnson, Clarksburg, West Virginia, for Appellants.
 Norman Talmadge Daniels, Jr., Thaxton & Daniels, Charleston, West Virginia, for Appellee.
 On Brief: Jacqueline A. Wilson, Steptoe & Johnson, Clarksburg, West Virginia; John S. Bailey, Jr., Bowles, Rice, McDavid, Graff & Love, Parkersburg, West Virginia, for Appellants.
 Everette F. Thaxton, Thaxton & Daniels, Charleston, West Virginia, for Appellee.
 S.D.W.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before HAMILTON, Circuit Judge, BUTZNER, Senior Circuit Judge, and TRAXLER, United States District Judge for the District of South Carolina, sitting by designation.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Claywood Park Public Service District (Claywood) and Cerrone & Associates, Inc., (Cerrone) appeal a judgment for compensatory damages in favor of Steven Hanson, d/b/a Hanson Excavating on charges of breach of contract and negligence. Jurisdiction is based on diversity of citizenship. We affirm in part, vacate in part, and remand for further proceedings.
 
 
 2
 * Claywood, located in Wood County, West Virginia, employed Cerrone to prepare plans and specifications to be used as the basis for soliciting bids for the Deerwalk water line extension project. Hanson, relying on Cerrone's plans, submitted the lowest bid, and Claywood awarded Hanson the contract. The Claywood-Hanson contract was based on unit prices-that is, a fixed cost per unit for various types of work. The total (rounded to whole dollars) of the separate unit price bids was $867,137. The contract provided for a final adjustment to reflect the actual units of work. The adjustment included $60,390 for additional units and a deletion of $2,650 for units that were not installed by mutual agreement. The addition and deletion brought the contract price to $924,877. Claywood paid $733,824, leaving a balance, which Hanson claimed was due, on the contract of $191,053.
 
 
 3
 Hanson also claimed that Claywood and Cerrone owed him $456,854 for extra work caused by Claywood's breach of contract and Cerrone's negligence in preparing the plans and administering the contract.
 
 
 4
 Claywood denied any indebtedness, and it counterclaimed for $434,000 to recover the cost of correcting alleged deficiencies in Hanson's work. Cerrone pled a number of legal and factual defenses.
 
 
 5
 The jury returned a general verdict in favor of Hanson against both Claywood and Cerrone in the amount of $297,949.69. On Claywood's counterclaim, the jury found for Claywood in the amount of $29,726.94 for breach of warranty, and it awarded the sum of $85,000 for liquidated damages caused by Hanson's delay in completing the project.
 
 
 6
 In response to an interrogatory, the jury responded that Hanson was not negligent, that he fulfilled his contract, and that he was entitled to no money for extra expenses. The response stated that Cerrone was named because it was "part of the contract." Without objection, the district court interpreted the denial of money for"extra expense" to mean that the jury awarded Hanson nothing on his claim for extra work. The court, also without objection, asked whether the jury's written answer meant that Cerrone was negligent. The foreman of the jury responded "yes." The court immediately entered judgment on the verdict. All parties filed posttrial motions.
 
 II
 
 7
 When there is an inconsistency between a general verdict and the answer to a special interrogatory, the court has three options to clarify the outcome. It may direct judgment in accordance with the interrogatory answer notwithstanding the verdict, return the jury to the jury room to consider its answer further, or order a new trial. Fed. R. Civ. P. 49(b); Wright v. Kroeger Corp, 422 F.2d 176, 178-79 (5th Cir. 1970). It may not enter judgment in favor of the general verdict in preference to the answer to the special interrogatory. Los Angeles Nut House v. Holiday Hardware Corp., 825 F.2d 1351, 1356 (9th Cir. 1987).
 
 
 8
 The jury's answer to the special interrogatory discloses that Hanson was not entitled to recover damages on his claim for extra work. This leaves recovery on only the contract claim, as the jury's answer specifically found. Ample evidence supports the contract claim of $191,053.
 
 
 9
 The jury's answer to the interrogatory also absolves Cerrone. Contrary to the jury's understanding, it is undisputed that Cerrone was not a party to the Claywood-Hanson contract. Consequently, Cerrone was not liable to Hanson for the amount due under the contract.
 
 
 10
 The issue of Hanson's entitlement to payment for extra work was contested. The jury's finding that Hanson should receive nothing on its claim for extra work is supported by the evidence. Nor can Cerrone be held liable for Hanson's delay in completing the project. The court instructed the jury that in order for Claywood to recover liquidated damages for delay, it must prove that Hanson breached the contract. The court also told the jury that Hanson should not be found liable for delay if Claywood issued an order causing the delay or if the delay was caused by unforeseeable circumstances beyond Hanson's control and without fault or negligence on Hanson's part. The jury's verdict on the counterclaim in favor of Claywood for liquidated damages establishes that Hanson breached the contract by not completing the project within the time stipulated in the contract. When read with the instructions, the verdict also reflects that the delay was not caused by any order of Claywood or by unforeseeable circumstances beyond Hanson's control, such as Cerrone's negligence.
 
 
 11
 Because Cerrone was not liable for contractual damages, and its negligence caused no damage with respect to extra work or delay, its motion for judgment as a matter of law should have been granted.
 
 III
 
 12
 Claywood assigns error to the district court's remittitur of the liquidated damages award from $85,000 to $67,800 in response to Hanson's Rule 59(e) motion.
 
 
 13
 The contract provided for liquidated damages of $300 a day for delay in completing the project. The district court found that the parties had agreed that the delay extended from December 8, 1989, to July 22, 1990. Accordingly, the court instructed the jury that if they found in favor of Claywood against Hanson on the issue of delay, they should award damages at the rate of $300 a day from December 8, 1989, to July 22, 1990. Neither Claywood nor Hanson objected to this instruction. Since the delay was 226 days, the district court properly reduced the award for delay on Claywood's counterclaim to $67,800. The district court did not disturb the award of $29,727 in favor of Claywood on its warranty counterclaim. Claywood, therefore, is entitled to a setoff on account of its counterclaim of $97,527.
 
 IV
 
 14
 Claywood contests the district court's award of prejudgment interest to Hanson and its denial of prejudgment interest on Claywood's counterclaim. We affirm the rulings of the district court.
 
 
 15
 West Virginia provides for the award of prejudgment interest at the rate of 10% per annum for special or liquidated damages, including "lost wages and income, medical expenses, damages to tangible personal property, and similar out-of-pocket expenditures, as determined by the court." W. Va. Code § 56-6-31 (1981). Hanson timely moved pursuant to Rule 59(e) for the addition of prejudgment interest, which the district court granted in a posttrial order. Although Claywood argues that Hanson is required to offer an instruction seeking prejudgment interest before it may receive such interest, this contention is without merit. See Grove v. Myers, 181 W. Va. 342, 348, 382 S.E.2d 536, 542 (1989). Hanson is entitled to prejudgment interest.
 
 V
 
 16
 Had Claywood submitted a timely posttrial motion requesting prejudgment interest on its counterclaim, it, too, would have been entitled to receive such interest. Claywood, however, did not file such a motion until well after the 10-day deadline for filing such motions established by Rule 59(e).
 
 
 17
 Rule 59(e) applies to postjudgment motions for prejudgment interest. Osterneck v. Ernst & Whinney, 489 U.S. 169, 175-76 (1989). Claywood cites no authority for the proposition that its mention of interest in its answer and counterclaim excuses it from the requirements of Rule 59(e). In dicta, the Supreme Court has indicated that a posttrial motion to receive prejudgment interest must be filed within the Rule 59(e) time period, even when the award of prejudgment interest is mandatory. Osterneck, 489 U.S. at 176-77 n.3; see also Zapata Gulf Marine Corp. v. Puerto Rico Maritime Shipping Auth., 925 F.2d 812, 814 n.2 (5th Cir. 1991).
 
 
 18
 The judgment that the court originally entered on the verdict made no provision for prejudgment interest on the award for Claywood on its counterclaim. Because Claywood's motion to amend the judgment by awarding prejudgment interest was untimely, we affirm the district court's denial of the motion. See Vargas v. Gonzalez, 975 F.2d 916, 917 (1st Cir. 1992); Fed. R. Civ. P. 6(b).
 
 VI
 
 19
 On remand the district court should enter judgment in favor of Cerrone. Hanson should be granted judgment against Claywood in the amount of $191,053, plus prejudgment interest from July 22, 1990, through November 12, 1991, the date of the entry of the final order of judgment, at the rate of 10% per annum, less $97,527, plus postjudgment interest pursuant to 28 U.S.C. § 1961.
 
 
 20
 Cerrone shall recover its costs from Hanson. Hanson shall recover its costs from Claywood.
 
 
 21
 AFFIRMED IN PART; VACATED IN PART; AND REMANDED