No. 13-0470 – *Manor Care, Inc., et al. v. Tom Douglas, individually and on behalf of the Estate of Dorothy Douglas*

**FILED**

**June 18, 2014**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

Benjamin, Justice, concurring, in part, and dissenting, in part:

I concur with the majority's decision to affirm the circuit court's rulings finding that the defendants below ("petitioners") waived the issue of whether the verdict form disregarded the distinct corporate forms of the petitioners, whether the verdict form improperly failed to permit the jury to award damages to non-parties, and whether the MPLA necessarily provides the exclusive remedy for all of the asserted negligence claims herein. I also concur with the majority's decision with respect to the dismissal of the plaintiff's breach of fiduciary duty claim and NHA claim.[1] I dissent, however, from the majority's decision regarding the awarding of punitive damages herein. Specifically, I believe that the verdict form was insufficient to justify the award of any punitive damages in this case.

Our jurisprudence requires that

---

[1] Although I concur with the manner in which the majority dismisses the plaintiff/respondent's NHA claim based upon the facts of this particular case, there are multiple ways in which the legislative direction in the NHA can be viewed. Accordingly, I strongly encourage the Legislature to revisit the express language of the NHA and to clarify its intent and application, particularly with respect to the manner in which the NHA is limited by the MPLA.

1

> [w]hen this Court, or a trial court, reviews an award of punitive damages, the court must first evaluate whether the conduct of the defendant toward the plaintiff entitled the plaintiff to a punitive damage award under *Mayer v. Frobe*, 40 W.Va. 246, 22 S.E. 58 (1895), and its progeny. If a punitive damage award was justified, the court must then examine the amount of the award pursuant to the aggravating and mitigating criteria set out in *Garnes v. Fleming Landfill, Inc.*, 186 W.Va. 656, 413 S.E.2d 897 (1991), and the compensatory/punitive damage ratio established in *TXO Production Corp. v. Alliance Resources Corp.*, 187 W.Va. 457, 419 S.E.2d 870 (1992).

Syl. pt. 6, *Perrine v. E.I. du Pont de Nemours and Co.*, 225 W.Va. 482, 694 S.E.2d 815 (2010).  Pursuant to Syllabus point 4 of *Mayer v. Frobe*,

> [i]n actions of tort, where *gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference* to civil obligations affecting the rights of others appear, or where legislative enactment authorizes it, the jury may assess exemplary, punitive, or vindictive damages; these terms being synonymous.

40 W.Va. 246, 22 S.E. 58. (Emphasis added). *Accord* Syl. pt. 4, *Alkire v. First Nat'l Bank of Parsons*, 197 W.Va. 122, 475 S.E.2d 122 (1996).  *See also* W. Va. Code § 16-5C-15(c) (the NHA authorizes punitive damages for conduct that is "willful or in reckless disregard of the lawful rights of the resident").

As referenced by my colleagues, despite the distressing evidence of wrongdoing herein, the confused verdict form is woefully inadequate to serve as a proper legal basis for this Court to sustain the extraordinary damages awarded herein. Pertaining to the issue of liability for which the majority allows a recovery of damages,

2

the verdict form specifically asked the jury to make a finding as to whether there was simple "negligence" on the part of the petitioners that substantially contributed to the death of Dorothy Douglas. Upon such finding, the verdict form requested that the jury distinguish what percentage of the petitioners' conduct was "medical negligence" as compared to ordinary, "non-medical negligence." The jury was then asked to ascertain the damages necessary to compensate for such "ordinary negligence." Nowhere in the verdict form is the jury asked to make a finding of whether the petitioners' conduct also constituted "gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference" to plaintiffs below. *Mayer, supra.* The verdict form simply proceeds to ask the jury whether, based upon "the circumstances of the case," it found by a preponderance of the evidence that punitive damages were warranted against the petitioners. As to a specific finding of conduct sufficient to justify the awarding of punitive damages, the verdict form is silent.

As a general rule, a trial court has considerable discretion in determining what verdict form to use. Franklin D. Cleckley, Robin J. Davis, Louis J. Palmer, Jr., Litigation Handbook on West Virginia Rules of Civil Procedure, § 49 (2002). As the majority points out, this Court has previously declined to find an abuse of discretion on the part of the trial court for failing to duplicate the language used in a jury instruction on an essential element of a claim on the verdict form, where, when viewed in the context of controlling law, the verdict form and the jury charge adequately informed the jury of the

3

issues before it.  *See Perrine v. E.I. du Pont de Nemours and Co.*, 225 W.Va. 482, 694 S.E.2d 815.  ("In this Court's view, the criterion for determining whether the discretion is abused is whether the verdict form, together with any instruction relating to it, allows the jury to render a verdict on the issues framed consistent with the law, with the evidence, and with the jury's own convictions. *See* 9A Charles Allan Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d § 2508 (1995); *Martin v. Gulf States Utilities Co.*, 344 F.2d 34 (5th Cir.1965); and *McDonnell v. Timmerman*, 269 F.2d 54 (8th Cir. 1959")).[2]

However, there are three noteworthy exceptions to this general rule. Franklin D. Cleckley, Robin J. Davis, Louis J. Palmer, Jr., Litigation Handbook on West Virginia Rules of Civil Procedure, § 49 (2002) (*citing Barefoot v. Sundale Nursing Home*, 193 W. Va. 475, 457 S.E.2d 152 (1995)).  The first is where the verdict forms are compelled by statute. *Id.* (citation omitted).  The second is in cases involving multiple causes of action. *Id*. The third exception involves *punitive damage* cases. *Id*. (Emphasis added) (*citing Barefoot v. Sundale Nursing Home*, 193 W. Va. 475, 457 S.E.2d 152 (1995)).  The majority opinion erroneously neglects to give effect to this third exception.

---

[2] This Justice was not a participant in the panel which decided the *Perrine* case, having disqualified myself due to the involvement in the case of my former law firm and its client.

In this case, absent any actual finding by the jury that the petitioners committed an act of "gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference," we are left with a vague verdict form wherein the only express findings made by the jury in this case were that the petitioners committed acts of simple "negligence." In dismissing the respondent's NHA claim, the majority aptly notes similar inadequacies contained in the verdict form in relation to the jury's inability to apportion the compensatory damages under the NHA between health-care related and non-healthcare related claims. However, after finding that this inadequate verdict form fails to support an award for compensatory damages under the NHA, the majority then changes course and affirms the jury's award of punitive damages, ignoring the insufficient language used in the verdict form for assessing punitive damages, implying that these inadequacies are somehow "rescued" by virtue of the fact that, among the myriad of jury instructions it received, the jury was instructed on the *Mayer* elements. Where the jury was given instructions on *both* compensatory damages and punitive damages, it is a fatal inconsistency of logic in the majority opinion for this Court to negate some of the awards of compensatory damages based upon an inadequate verdict form, but not also to negate the award of punitive damages based upon the same inadequate verdict form. I cannot countenance an opinion which simply picks and chooses when to rescue an inadequate verdict form and when not to.[3]

---

[3] I believe that as a policy measure, in a large verdict case such as this, where it is obvious that the jury could have been, and likely was, confused by the insufficient verdict form in ascertaining the quality of compensatory damages, it is logical to conclude that

5

Accordingly, it is my opinion that it was improper for the circuit court to allow a verdict form containing a punitive damages multiplier on a verdict in which the jury only made findings of simple negligence on the part of the petitioners. For these reasons, I would reverse the circuit court's finding on this issue and accordingly vacate the jury's award for punitive damages.[4] I therefore respectfully concur, in part, and dissent, in part, to the majority's decision in this case.

---

the jury could have also been equally confused as to the precise type of egregious conduct required to properly warrant a finding of punitive damages.

[4] Because I do not believe that an award of punitive damages is warranted in this case, it is unnecessary for me to discuss the analysis of my colleague, Justice Loughry, on the issue of punitive damages in his dissent.