■ GUSTAVE ADAMS, Respondent-Appellant, v. NEW YORK CITY HOUSING AUTHORITY et al., Appellants-Respondents, et al., Defendant.— Judgment in favor of plaintiff on the cause of action for damages for malicious prosecution unanimously reversed on the law and the facts, and a new trial ordered, with $50 costs to abide the event. Plaintiff was arrested on February 3; 1962 by two Housing Authority policemen in a vestibule of a housing project. After a hearing in the Magistrates' Court, plaintiff was held for the Grand Jury on

charges of felonious assault and malicious mischief. Subsequently, the Grand Jury refused to indict on those charges. An additional charge of disorderly conduct was dismissed, after trial in the Magistrates' Court. In the instant suit, plaintiff's claim for damages was submitted to the jury on three causes of action, viz., (1) false arrest and false imprisonment; (2) malicious prosecution and (3) assault and battery. The jury found for defendants on the first and third causes, and for plaintiff in the sum of $5,000 on the second cause for malicious prosecution. Defendants have appealed from the judgment entered in favor of plaintiff on the second cause of action, while plaintiff has cross-appealed from so much of the judgment based on the verdict of the jury finding for defendants on the first and third causes of action. We agree with defendants-appellants that there is an apparent inconsistency in the verdict which found there was no false arrest and yet found for plaintiff on the malicious prosecution charge. The jury having found that plaintiff was lawfully arrested, it should follow that there was probable cause for defendants to have preferred charges against plaintiff. Moreover, on the matter of probable cause, it appears that the jury was not properly instructed as to the effect of the holding of the plaintiff for the Grand Jury and the disposition of the disorderly conduct charge. The holding of plaintiff for the Grand Jury by the Magistrate was prima facie evidence of probable cause. (*Graham* v. *Buffalo Gen. Laundries Corp.,* 261 N. Y. 165, 167; *Goldstein* v. *Siegel,* 19 A D 2d 489, 492.) That presumption may be rebutted by showing that defendants did not make a complete disclosure to the Magistrate, or misrepresented or falsified evidence, or withheld material evidence. (*Hopkinson* v. *Lehigh Val. R. R. Co.,* 249 N. Y. 296, 300.) Although plaintiff argues that the presumption was rebutted, the present record of the trial does not support that argument. Of course, the disposition in the Magistrates' Court of the disorderly conduct charge would not be subject to the prima facie presumption of a holding for the Grand Jury. The trial court's charge to the jury did not advert to these distinctions and the jury may thus have been misled in its deliberations. Under all the circumstances, in the interest of justice, there should be a new trial on all the causes of action. Concur — Breitel, J. P., Rabin, Valente, Stevens and Eager, JJ.