**Melvin LINDSEY, Plaintiff,**

v.

**Raymond J. LOUGHLIN, Defendant.**

**No. 82 CV 1964.**

United States District Court,
E.D. New York.

Aug. 13, 1985.

Melvin Lindsey, pro se.

Frederick A.O. Schwarz, Jr., New York City Corp. Counsel, New York City (Christopher C. Gette, New York City, of counsel), for defendant.

## ORDER

McLAUGHLIN, District Judge.

The attached Report and Recommendation of Hon. Shira A. Scheindlin, United States Magistrate, is hereby adopted as the Opinion of this Court. No objections were filed within the time permitted.

It is hereby ORDERED that defendant's motion for summary judgment dismissing the Complaint is granted.

The Clerk shall make copies of this Order and shall serve them upon the parties.

SO ORDERED.

## REPORT AND RECOMMENDATION

July 25, 1985

SHIRA A. SCHEINDLIN, United States Magistrate.

### I. STATEMENT OF FACTS

Plaintiff, Melvin Lindsey, appearing *pro se*, has brought this 42 U.S.C. § 1983 action alleging a violation of his civil rights, based upon the following incident. On July 1, 1980 defendant Police Officer Raymond Loughlin observed an expensive looking late model Lincoln Continental with out of state license plates parked near an area known to be frequented by criminals reselling stolen luxury automobiles. Affidavit of Loughlin at 1. At the time of defendant's observation he was assigned to the Grand Larceny Automobile Squad of the 44th Precinct. Defendant's main assignment was the recovery of stolen automobiles. Affidavit of Loughlin at 1.

Upon checking the automobile's license plates by using a computer terminal within the police car, defendant learned that the license plates belonged to a 1964 Chrysler. Defendant then read the vehicle identification number of the automobile and learned that the automobile had been reported stolen some months earlier. Defendant waited and continued to observe the automobile until plaintiff returned, entered the car, and began to drive away. Officer Loughlin then stopped plaintiff and a search of his

person revealed both the keys to the automobile and a loaded pistol. Affidavit of Loughlin at 1. Plaintiff was arrested and charged with criminal possession of stolen property, unauthorized use of a vehicle, and criminal possession of a weapon. After trial, the jury found plaintiff guilty of criminal possession of a weapon but returned a verdict of not guilty on the other charges. Defendant's Exhibit C. Plaintiff was sentenced to serve a minimum of two and one half years in prison. Defendant's Exhibit A.

Plaintiff alleges, as a basis of his cause of action, that defendant's statements at trial indicated that defendant's "investigation came about because the luxury auto in that location of the Bronx was out of place being it is considered a poor neighborhood." Complaint at 4. Plaintiff also alleges, as a separate basis for his cause of action, that defendant made statements that "were prejudice [sic] in nature, and clear deformation [sic] of my character." Complaint at 4. It is unclear whether plaintiff alleges that defendant's statements were made at trial or at the time of the arrest.

Plaintiff first filed the complaint in 1982 while still a prisoner. In early 1984, after receiving leave of the court to proceed *in forma pauperis*, the complaint was served on defendant. During this time plaintiff was released from prison and contacted the court to report his new address and to reaffirm his interest in the action. Plaintiff's letter of March 12, 1984. Since contacting the court in March 1984, no correspondence has been received from plaintiff. Further, plaintiff has failed to appear for any of the three status conferences scheduled for April 11, 1985, May 7, 1985, and May 14, 1985, even though written notification was sent to plaintiff's last known address in advance of each conference.

On March 4, 1985 defendant made a motion for summary judgment pursuant to Fed.R.Civ.P. 56. In support of the motion defendant argued that probable cause existed at the time of plaintiff's arrest. Defendant also argued that he was entitled to a good faith defense even if probable cause was found to be lacking. No response to the summary judgment motion has been received from plaintiff. Once again, attempts were made by this court to notify plaintiff at his last known address of the motion return date, both by letter and by telephone. The court was unable to reach plaintiff.

## II. DISCUSSION

It is respectfully recommended that defendant's motion for summary judgment be granted.

### A. *Probable Cause*

 Plaintiff's complaint alleges a cause of action based upon the circumstances of his arrest. A plaintiff may not recover for a violation of his civil rights arising out of an arrest if probable cause to arrest is established. *Jaroslawicz v. Seedman*, 528 F.2d 727, 732 (2d Cir.1975); *Bivens v. Six Unknown Named Agents Of Federal Bureau of Narcotics*, 456 F.2d 1339, 1347–48 (2d Cir.1972) (on remand)); *Greene v. Brown*, 535 F.Supp. 1096, 1100 (E.D.N.Y. 1982) (citing *Terket v. Lund*, 623 F.2d 29 (7th Cir.1980)). The applicable standard for probable cause to arrest is satisfied when a police officer has knowledge of "facts and circumstances 'sufficient to warrant a prudent man in believing ...'" that an offense has been committed. *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975) (quoting *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 225, 13 L.Ed.2d 142 (1964). An objective standard of reasonableness must be applied when judging the actions of an official charged with misconduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

 In the present case defendant observed a late model luxury automobile parked in an area known to be used for the resale of stolen automobiles. Although defendant's suspicions were aroused, he did not take immediate action against the plaintiff. Instead, defendant investigated further and learned that the automobile under

observation bore the license plates of another car and had also been reported stolen. Plaintiff was not arrested until after he entered the stolen automobile and began to drive away. Under these circumstances there can be no question that probable cause existed for the arrest of plaintiff.

The standard of probable cause requires only a probability of criminal activity, not a prima facie showing. *Zurcher v. Stanford Daily*, 436 U.S. 547, 98 S.Ct. 1970, 56 L.Ed.2d 525 (1978) *reh'g denied* 439 U.S. 885, 99 S.Ct. 232, 58 L.Ed.2d 200 (1978). Further, the totality of the circumstances must be considered in reaching a determination as to the existence of probable cause. *Buchanan v. Sowa*, 592 F.Supp. 1009, 1016 (N.D.Ohio 1984). Thus, viewed from "the vantage point of a prudent, reasonable, cautious police officer on the scene at the time of the arrest ..." it is impossible not to conclude that probable cause existed at the time of plaintiff's arrest. *United States v. Davis*, 458 F.2d 819, 821 (D.C.Cir.1972).

Under similar circumstances a New York state court has held that police officers have the right to arrest a person without a warrant for a petty offense, including traffic violations. *People v. Pollaci*, 68 A.D.2d 71, 75, 416 N.Y.S.2d 34, 37 (2d Dept.1979). *See also* New York Criminal Procedure Law § 140.10 (McKinney 1985). In *Pollaci* the traffic infraction supporting the arrest was an improperly registered vehicle. The car the *Pollaci* defendants were driving bore the license plates of another car. *Pollaci*, 68 A.D.2d at 73, 416 N.Y.S.2d at 37. The *Pollaci* court found that because probable cause existed at the time of the arrest, the contemporaneous search of the automobile was proper as incident to the arrest. *Id.* 416 N.Y.S.2d at 38.

Because probable cause existed for the arrest and the search incident to that arrest, plaintiff's claim that his civil rights were violated cannot stand and it is respectfully recommended that the defendants' motion for summary judgment be granted.

**B. *Good Faith***

■ Assuming, *arguendo*, that there was no probable cause to arrest plaintiff, a police officer will not be liable for a violation of civil rights if the arresting officer believed in good faith that the arrest was lawful and if this belief was reasonable. *Pierson v. Ray*, 386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967); *Dominguez v. Beame*, 603 F.2d 337, 342–44 (2d Cir.1979) *cert. denied* 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980)); *Greene*, 535 F.Supp. at 1101 (citing *Procunier v. Navarette*, 434 U.S. 555, 561–62, 98 S.Ct. 855, 859–60, 55 L.Ed.2d 24 (1977)). There is no allegation of bad faith in the pleadings or the record. To the contrary, the record reveals that defendant did not arrest the plaintiff until after learning that the car had been reported stolen. Therefore, defendant's belief that the arrest was lawful is entirely reasonable and as such is a complete defense to the present action.

**C. *Defamation***

■ Plaintiff has also alleged albeit somewhat inartfully, a deprivation of his civil rights based upon statements made by the defendant either at the time of arrest or at plaintiff's trial. Defamation, however, will not support a civil rights claim. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) *reh'g denied* 425 U.S. 985, 96 S.Ct. 2194, 48 L.Ed.2d 811 (1976). No infringement of a constitutional right is claimed when defamation is alleged. *Rosenberg v. Martin*, 478 F.2d 520, 524 (2d Cir.) *cert. denied*, 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973). Moreover, statements made during the course of a trial that are relevant to the judicial proceeding are given an absolute privilege. *Bouchet v. National Urban League, Inc.*, 730 F.2d 799, 806 (D.C.Cir.1984); *Reeves v. American Broadcasting Companies, Inc.*, 580 F.Supp. 84, (S.D.N.Y.) *aff'd*, 719 F.2d 602 (2d Cir.1983). Therefore, plaintiff may not maintain an action based upon defamatory statements alleged to have been made at trial. Finally, if all claims arising under federal law are dismissed then this court

may not exercise pendent jurisdiction over any state claims based upon defamation.

### D. *Plaintiff's Failure to Prosecute*

 Should a reviewing court disagree with my discussion of the merits, this case may also be dismissed for failure to prosecute, pursuant to Fed.R.Civ.P. 41(b). Although the defendants have not made a Rule 41(b) motion, a court may dismiss an action *sua sponte* without affording a hearing or other notice of its intent to consider dismissal. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962); *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir.1982). In *Link* the Supreme Court found that

> [t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link*, 370 U.S. at 630–31, 82 S.Ct. at 1388–89.

In the present case plaintiff has failed to take any action to prepare his case for trial since the filing of the complaint. Plaintiff has also failed to appear for any of the three status conferences scheduled by this court. Further, defendant's motion for summary judgment has gone unanswered. Although the plaintiff contacted the court to report his address upon release from prison, no further correspondence has been received from him. The court's efforts to locate plaintiff by mail or by telephone have been unsuccessful. Therefore, I respectfully recommend that plaintiff's action be dismissed for failure to prosecute.

### III. CONCLUSION

Because defendant has demonstrated that probable cause existed at the time of the arrest and because of his good faith defense it is respectfully recommended that defendant's motion for summary judgment be granted. In the alternative it is respectfully recommended that the action be dismissed for failure to prosecute.

A copy of this Report and Recommendation is being mailed today to all parties, who are hereby advised that objections to the report may be served and filed with the district court, with a copy to me, within ten (10) days.