Angela PARKER, Plaintiff,

v.

David HEARN and Jon Parker, Defendants.

No. 86 CV 0761.

United States District Court, E.D. New York.

Sept. 19, 1988.

Herman & Natale, Garden City, N.Y., for plaintiff.

Office of Peter L. Zimroth, Corp. Counsel of the City of New York, Lina Liberatore, Asst. Corp. Counsel, New York City, for defendant Hearn.

Blodnick, Pomerantz, Reiss, Schultz & Abramowitz, P.C., Lake Success, N.Y., for defendant Jon Parker.

## MEMORANDUM OF DECISION AND ORDER

COSTANTINO, District Judge.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging that she was wrongfully arrested, falsely imprisoned, and maliciously prosecuted by defendants.

The defendants have moved this Court, pursuant to Fed.R.Civ.P. 56, for summary judgment. For the reasons that follow, the defendants' motion is granted.

FACT

The undisputed facts are as follows. On or about February 16, 1985, defendant Jon Parker initiated a criminal complaint with the New York Police Department ("N.Y.P.D."). In it, he complained that Angela Parker, the plaintiff in this action, and two white males entered his apartment, assaulted him, robbed him and rendered him unconscious. (N.Y.P.D. Complaint Report. *See also* Deposition of Jon Parker pp. 11–12).

On February 16, 1985, Detective David Hearn was assigned to investigate Parker's complaint. Detective Hearn interviewed Jon Parker on February 17, 1985. At the time of the interview, Detective Hearn observed that defendant Parker appeared to be bruised and uncomfortable. During this interview, Parker described to Detective Hearn the circumstances surrounding the alleged assault. (Dep. of Detective Hearn pp. 6–11, 16–17, 40).

Parker related the following facts to Detective Hearn. On the evening of February 16, 1985, Parker was at home with his two daughters, Carlene Parker (his 10 year old daughter by his first marriage to Arlene Parker), and Irene Parker, (his infant daughter by his then current marriage with the plaintiff). The plaintiff arrived unexpectedly with two unidentified adult white males. (Dep. of Jon Parker pp. 14–15).

At the moment of the plaintiff's entry into the apartment the telephone rang. Defendant Parker told Detective Hearn that while he was talking on the phone, the plaintiff signaled him that she and the two males were going to leave. Parker placed the telephone on the counter and accompanied the plaintiff to the door. He was then attacked by one of the males from behind and rendered unconscious. Parker further stated that he regained consciousness when an ambulance crew revived him. (N.Y.P.D. Complaint Report. *See also* Dep. of Jon Parker p. 12).

In addition, defendant Parker told Detective Hearn that before the attack, he had approximately $70.00 on a table in the apartment. Parker informed the detective that when he regained consciousness, the money was gone. (*Id.* at p. 17).

Through his interviews, Detective Hearn learned that the plaintiff was observed by Carlene Parker to have taken money from the defendant Parker's apartment. This fact is not in dispute since plaintiff disclosed in her deposition that she had taken the money, although she stated that it was owed to her. (Dep. of Angela Parker p. 33).

In addition, Detective Hearn learned that Arlene Parker, the defendant's first wife, was on the telephone with the defendant on the evening in question and heard her daughter Carlene crying and saying that her father was being beaten.

Detective Hearn also interviewed Cliff Allen, the ambulance attendant who was called to the defendant Parker's residence on the evening of the alleged assault. Mr. Allen confirmed that at approximately 8:40 PM on February 16, 1985, he and an attendant arrived at defendant Parker's residence, and found Parker unconscious on the floor. (Dep. of Detective Hearn pp. 27–29).

At her deposition, the plaintiff admitted that she had gone to defendant Parker's residence on the evening of February 16, 1985, and was accompanied by two male companions. She also admitted removing money from defendant Parker's table. (Dep. of Angela Parker p. 33).

Based upon Detective Hearn's investigation, the plaintiff was arrested on March 19, 1985. The plaintiff, who was accompanied by her attorney, was arrested at the 68th Precinct and charged with violations of New York Penal Laws §§ 120.00 (Assault in the Third Degree) and 155.25 (Petit Larceny).

At the time of plaintiff's arrest, Detective Hearn learned that pursuant to N.Y.P.D.'s Interim Order No. 16 dated April 2, 1984, (corrected by a memo dated May 10, 1984), he could not issue a Desk Appearance Ticket, which would preclude having to tke plaintiff into custody pending arraignment. Therefore, pursuant to the N.Y.P.D. Interim Order 16, Detective Hearn escorted plaintiff to the Central Booking facility for processing where she was subsequently taken into custody pending arraignment. (Dep. of Detective Hearn pp. 67–68).

Defendants Hearn and Parker did not learn that the criminal lawsuit against the plaintiff had been dismissed until each was served with notice, on or about March 12, 1986, of this present action.

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging that her arrest deprived her of her rights, privileges and immunities secured by the Constitution and Laws of the United States. Both defendants Parker and Hearn have moved this Court, pursuant to Fed.R.Civ.P. 56, for summary judgment against the plaintiff.

## DISCUSSION

### I. *Summary Judgment*

According to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted when "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(e) specifies that when a motion for summary judgment is made, an adverse party may not rest upon mere allegations or denials, but must, by affidavits or as otherwise provided in the rule, must set forth specific facts showing that there is a genuine issue for trial.

In a motion for summary judgment, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986); *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 11 (2d Cir.1986). The moving party in a motion for summary judgment, bears the burden of demonstrating that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Any material submitted by the moving party must be viewed in the light most favorable to the opposing party. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970).

In *Anderson,* the Court noted that "the mere existence of *some* alleged factual dispute between the parites will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." 477 U.S. at 247–248, 106 S.Ct. at 2509–2510.

As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *Id.* at 248, 106 S.Ct. at 2510. Moreover, "summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510.

### II. *Probable Cause to Arrest*

#### A. *Charges Against Detective Hearn*

■ The lawfulness of Detective Hearn's actions depends upon whether there was probable cause to believe that Angela Parker had committed the offenses complained of by Jon Parker.

"Probable cause exists where the facts and circumstances within [the officer's] knowledge is sufficient to warrant a man of reasonable caution in the belief that an offense has been or is being committed [by the person to be arrested]." *Dunaway v. New York*, 442 U.S. 200, 208 n. 9, 99 S.Ct. 2248, 2254 n. 9, 60 L.Ed.2d 824 (1978); *Beck v. Ohio*, 379 U.S. 89, 96, 85 S.Ct. 223, 228, 13 L.Ed.2d 142 (1964) citing *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925); *Angel v. Kasson*, 581 F.Supp. 170, 176 (N.D.N.Y. 1983).

Probable cause exists when the totality of the circumstances establishes that there is a fair probability of criminal activity. *Illinois v. Gates*, 462 U.S. 213, 230–231, 103 S.Ct. 2317, 2328–2329, 76 L.Ed.2d 527 (1983); *Angel v. Kasson*, 581 F.Supp. at 176. "The evidence … must be seen and weighted not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement." *United States of America v. Ceballos*, 812 F.2d 42, 50 *quoting Texas v. Brown*, 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed. 2d 502 (1983) (plurality opinion of Rehnquist, J.).

In the opinion of this Court, the totality of the facts and circumstances available to Detective Hearn fully justified his determination that there was probable cause for the arrest and commencement of criminal proceedings against the plaintiff.

At the time Detective Hearn arrested the plaintiff, he was aware of defendant Parker's recounting of the events of the evening of the assault. Further, he knew that Parker's account was collaborated by four witnesses. Detective Hearn was also aware that the plaintiff's account of the evening in question contradicted the accounts of all of the other individuals who were involved in the incident. Also, the ambulance attendant stated that he treated defendant Parker's injuries on the evening of the alleged assault. In addition, the plaintiff was observed by Carlene Parker, the defendant's daughter to have removed money from the Parker's apartment. Detective Hearn, through his own personal observations of defendant Parker, on the day after the assault, verified that Parker had been injured. As a result of his investigation, Detective Hearn concluded that there was probable cause to arrest plaintiff on the charges of assault in the 3rd degree and petit larceny. (Dep. of Detective Hearn pp. 11–46. *See also* Affidavit in Support of Detective Hearn's Motion for Summary Judgment pp. 11–12).

According to rule 3(g) of the Local Rules for the United States District Court, Eastern District of New York, "All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

In the instant case, the plaintiff has failed to controvert the foregoing facts. Instead, the plaintiff alludes to other factors Detective Hearn should have considered in making his decision to arrest the plaintiff. Specifically, plaintiff states that Detective Hearn failed to determine whether it was the plaintiff who assaulted Jon Parker and whether Jon Parker was intoxicated on the evening of the assault. Plaintiff further states that Detective Hearn failed to inquire into the status of the plaintiff's and defendant's divorce proceeding, and whether child support payments were being made by Jon Parker. (Affirmation of Eugene V. Matale). No where in the plaintiff's papers does she dispute the material facts of this case, that is, that at the time plaintiff was arrested by Detective Hearn, he was possessed of sufficient facts that would lead a reasonable law enforcement official to believe that the plaintiff had committed the crimes for which she was arrested.

While the facts alleged by the plaintiff may be in dispute, they are not material to the instant legal issues. The uncontroverted facts in this case plainly show that Detective Hearn had probable cause to arrest the plaintiff.

A plaintiff may not recover for a violation of his civil rights arising out of an arrest if probable cause to arrest is established. *Jaroslawicz v. Seedman*, 528 F.2d 727, 732 (2d Cir.1975); *Greene v. Brown*,

535 F.Supp. 1096, 1100 (E.D.N.Y.1982); *Lindsey v. Loughlin,* 616 F.Supp. 449, 452 (E.D.N.Y.1985.) Because probable cause existed for the arrest, plaintiff's claim that her civil rights were violated cannot stand.

### III. *Malicious Prosecution*

■ In order for plaintiff to recover on her claim of malicious prosecution, four distinct elements must be established. She must demonstrate that (1) defendant either commenced or continued a criminal proceeding against her, (2) the proceeding terminated in her favor, (3) there was no probable cause for the criminal proceeding, and (4) the criminal proceeding was initiated out of actual malice. Each of the four elements must be satisfied. *Russo v. State of New York,* 672 F.2d 1014, 1018 (2d Cir. 1982); *Angel v. Kasson,* 581 F.Supp. 170, 175 (N.D.N.Y.1983).

In the instant case, it has been determined that Detective Hearn had probable cause to arrest the plaintiff. Therefore, her claim of malicious prosecution must fail.

### IV. *False Imprisonment*

■ The plaintiff claims that Detective Hearn's conduct resulted in her false imprisonment. To establish a cause of action for false imprisonment, the plaintiff must show that (1) the defendant intended to confine her, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and, (4) the confinement was not otherwise privileged. The plaintiff must establish each constituent element by a fair preponderance of the credible evidence in order to recover for false arrest and imprisonment. *Angel* 581 F.Supp. at 177. *Parvi v. City of Kingston,* 41 N.Y.2d 553, 394 N.Y.S.2d 161, 163, 362 N.E.2d 960 (1977).

In *Gerstein v. Pugh,* 420 U.S. 103, 113–114, 95 S.Ct. 854, 862–63, 43 L.Ed.2d 54 (1974), the Supreme Court stated that a police officer's initial finding of probable cause justifies not only arrest, but a reasonable period of continued detention for the purpose of bringing the arrestee before a magistrate.

In the instant case, plaintiff was detained in police custody subsequent to a lawful arrest. It has been determined by this Court that plaintiff's arrest was supported by probable cause. Plaintiff's claim that she was falsely arrested and imprisoned is, therefore, without merit.

### B. *Charges Against Defendant Parker*

■ In order to establish liability under § 1983, the "plaintiff must show that he has been deprived of a federal constitutional or statutory right by a person acting under color of law." *Cullen v. Margiotta,* 811 F.2d 698, 712 (2nd Cir.) *cert. denied* —— U.S. ——, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). "A person acts under color of state law when exercising power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Church of Human Potential, Inc. v. Vorsky,* 636 F.Supp. 93, 96 (D.N.J.1986). *Citing United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368 (1941).

In the case at bar, it is clear from the pleadings that the plaintiff has failed to allege that Jon Parker was acting "under color of state law" at the time he initiated criminal proceedings against the plaintiff. Accordingly, the plaintiff's § 1983 action against Jon Parker must be dismissed.

■ In light of this Court's decision to dismiss the plaintiff's § 1983 claim, this Court lacks subject matter jurisdiction over the plaintiff's remaining state law claims. According to *United Mine Workers v. Gibbs,* 383 U.S. 715, 716, 86 S.Ct. 1130, 1134, 16 L.Ed.2d 218 (1966) "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."

Therefore, the plaintiff's state law claims must be dismissed. *See also Richmond v. New York Telephone Co.,* 448 F.Supp. 715, 716 (S.D.N.Y.1978).

In light of the foregoing, the defendants' motion to dismiss the complaint is granted.

SO ORDERED.