**Alexander SALZMANN, Plaintiff,**

v.

**Frank SCICCITANO, Gerard Pelkofsky and Thomas Barry, Defendants.**

No. 89–CV–3044.

United States District Court, E.D. New York.

Sept. 3, 1991.

Bark & Silverman, Hauppauge, N.Y. (Mitchell Gittin, of counsel), for plaintiff.

E. Thomas Boyle, Suffolk County Atty., Hauppauge, N.Y. (Jelte Dejong, Charles Kelly, Asst. County Attys., of counsel), for defendants.

## MEMORANDUM–DECISION AND ORDER

BARTELS, District Judge.

This action arises out of an incident involving plaintiff Alexander Salzmann's two sons, Scott and Timothy, who bought a stolen "go-cart" and transported the same to the plaintiff's premises. On inquiry by the Suffolk County police on October 13, 1986, the plaintiff led the police to a Chevrolet van, which contained the go-cart. Plaintiff and his sons took the van and accompanied the police to the local precinct. At the precinct the plaintiff's sons were questioned by the police, but were repeatedly interrupted by the plaintiff, who was quite agitated at the time. Plaintiff stormed out of the precinct, apparently in an attempt to drive away with the van, disregarding the officers' orders to the contrary. After a short scuffle with officer Frank Sciccitano, the plaintiff was arrested by the defendants, Gerald Pelkofsky, Thomas Barry, and Sciccitano, for the misdemeanor of obstructing governmental administration. Thereafter, plaintiff was prosecuted for that offense in State court, where he was acquitted.

Plaintiff then brought this civil rights action in Federal court. In his suit under 42 U.S.C. § 1983, plaintiff set forth three distinct violations of his civil rights: First, he sues all three defendants for excessive use of force. Second, he sues defendants Sciccitano and Pelkofsky for false arrest. Third, he sues defendant Sciccitano for malicious prosecution. Plaintiff's § 1983 action was tried before this Court from June 3–7, 1991. The jury rendered a unanimous verdict rejecting all of the plaintiff's claims and judgment was entered for the three defendants. The jury inexplicably concluded, as stated in its answers to special verdict interrogatories, that there was probable cause to arrest the plaintiff, but there was not probable cause to prosecute him. In answering another interrogatory, the jury concluded that there was no malice involved in the prosecution.

Plaintiff now argues, in the instant motion for a judgment notwithstanding the verdict (j.n.o.v.) or a new trial, that the court incorrectly charged the jury on the malice element of the malicious prosecution claim. Plaintiff brings this motion despite the fact that he never objected to the disputed language at the Court's charging

conference. Plaintiff seeks a j.n.o.v., pursuant to Fed.R.Civ.P. 50(b),[1] in favor of plaintiff on his malicious prosecution claim against defendant Sciccitano, or alternatively, for a new trial on that claim, pursuant to Fed.R.Civ.P. 59(a).[2] Upon the law, the Court hereby denies the motion.

### Discussion

### I. J.N.O.V.

■ Initially, the Court notes that under our system it is a novel concept to challenge a defective jury charge by a motion for a j.n.o.v. Instead, a motion for a j.n.o.v. must renew a prior motion for a directed verdict based on the merits of the case. Fed.R.Civ.P. 50(b). Plaintiff failed to move for a directed verdict before the case went to the jury. "The rule is well established that a motion for a directed verdict at the close of all the evidence is a prerequisite for j.n.o.v." *Hilord Chemical Corp. v. Ricoh Electronics, Inc.*, 875 F.2d 32 (2nd Cir.1989). Since an objection to an alleged error in the jury charge could not have been raised until after that charge was given, plaintiff's objection cannot now serve as the basis for a j.n.o.v. *Hilord Chemical Corp., supra* at 37–38 ("the motion for j.n.o.v. cannot assert a ground that was not included in the motion for a directed verdict").

### II. NEW TRIAL ON MALICIOUS PROSECUTION

■ The Court will therefore treat plaintiff's motion solely as a motion for a new trial. Again, such a motion will not be granted, even if there is a prejudicial error in the jury charge, if the same is not raised before the jury retires. "Unless it is non-prejudicial, the giving of an erroneous instruction or the failure to give a proper requested instruction is a ground for a new trial, provided that the party moving for a new trial made an objection before the jury retired to consider its verdict, and stated distinctly the matter to which he objected and the grounds of his objection." 6A MOORE'S FEDERAL PRACTICE DIGEST ¶ 59.08[2]. Plaintiff's motion must therefore be denied for two reasons: First, he failed to make a timely objection to the alleged error, as required by Fed.R.Civ.P. 51.[3] Second, even if his objection had been timely, he has failed to show any prejudice which might justify a new trial under Fed. R.Civ.P. 59(a).

### A) Not Timely

■ The purpose of the timely objection requirement is to "prevent unnecessary new trials because of errors the judge might have corrected if they had been brought to his attention at the proper time." *Cohen v. Franchard Corporation*, 478 F.2d 115, 122 (2nd Cir.1973), *cert. denied* 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 106 (1973). Plaintiff objects to the Court's instruction on the malice element of malicious prosecution, which reads as follows:

A defendant initiates a prosecution maliciously when the prosecution is totally

---

1. Fed.R.Civ.P. 50(b) provides in pertinent part: "Whenever a motion for a directed verdict made at the close of all the evidence is denied or for any reason is not granted, the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than ten days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have the judgment entered in accordance with the party's motion for a directed verdict.... A motion for a new trial may be joined with this motion, or a new trial may be prayed for in the alternative. If a verdict was returned the court may allow the judgment to stand or may reopen the judgment and either order a new trial or direct the entry of judgment as if the requested verdict had been directed."

2. Fed.R.Civ.P. 59(a) provides in pertinent part: "A new trial may be granted to all or any of the parties on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States...."

3. Federal Rule of Civil Procedure 51 provides in pertinent part: "No party may assign as error the giving or failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury."

baseless and when he initiated the prosecution for an improper or wrongful motive, rather to bring a criminal to justice. The initiation of the prosecution must have been accompanied by ill will, spite or grudge. As I have told you, even if you find that the defendant lacked probable cause to initiate the prosecution at issue in the particular claim you are considering, that finding is not necessarily determinative of the question of malice. However, if you find that probable cause was totally lacking, you may, although you are not required to, infer malice from the total lack of probable cause.

Plaintiff objects to the language requiring that "the initiation of the prosecution must have been accompanied by ill will, spite, or grudge."

Plaintiff never objected to this language at any time during the week long trial. The Court gave a copy of its proposed jury charge to counsel prior to holding its charging conference. The charging conference on June 6 was unusually time consuming and afforded each side an ample opportunity to raise objections to the proposed charge. Plaintiff's counsel took advantage of this opportunity by making a number of objections to the charge, including a different objection to the very same instruction on malice. Accordingly, the Court made a number of revisions in its proposed charge at the June 6 conference.

Another opportunity was afforded counsel to raise objections when the Court reopened the charging conference on the morning of June 7. The Court made further changes in its charge at the request of counsel and finally read its thirty six pages of instructions to the jury. After charging the jury for ninety minutes, the Court excused the jury from the courtroom and gave counsel for both parties an opportunity to make any exceptions to the charge on the record, "out of the hearing of the jury". Fed.R.Civ.P. 51. The plaintiff made no objections to the malice instruction at that time.

The plaintiff now bases his motion on his written "Requests to Charge and Objections to Defendant's Request to Charge."

Plaintiff's proposed charges were submitted prior to the trial and before the jury was selected. These ten pages of proposed charges included thirteen separate requests to charge. This was not sufficient. At no point during the five day trial did plaintiff refer the Court to the request which is the basis of this motion.

It is well-settled that a submission before trial of written charge requests is no substitute for satisfying the requirements of Rule 51. See e.g., Grosvenor Properties, Ltd. v. Southmark Corp., 896 F.2d 1149, 1152 (9th Cir.1990) ("remarks made by counsel in chambers, discussion of law in pretrial memoranda and mere submission of proposed charges did not clearly show that the issue was focused before the court"); Hicks v. Six Flags Over Mid–America, 821 F.2d 1311 (8th Cir.1987) (raising contention in trial brief and in the charging conference was not sufficient to preserve it for appeal in the absence of a specific objection to the instruction given); Beckman v. Mayo Foundation, 804 F.2d 435 (8th Cir.1986) (failure to give requested charge will not preserve issue in the absence of an objection to the charge); Aspen Highlands Skiing Co. v. Aspen Skiing Co., 738 F.2d 1509, 1516 (10th Cir.1984), aff'd 472 U.S. 585, 105 S.Ct. 2847, 86 L.Ed.2d 467 (1985) (same); Schwartz v. American Honda Motor Co., 710 F.2d 378 (7th Cir.1983); Blair v. Cullom, 168 F.2d 622, 624 (2nd Cir.1948) (same).

### B) No Prejudice

Courts "may review a jury charge for error absent timely objection by the harmed party only where the error is 'plain and may result in a miscarriage of justice' or in 'obvious instances of ... misapplied law' ". Air Et Chaleur, S.A. v. Janeway, 757 F.2d 489, 494 (2nd Cir.1985). The "plain error" standard requires a higher showing than that required for objections which comply with Rule 51.

■ The charge itself was adequate. Even if plaintiff had satisfied Rule 51, a new trial will only be granted if, based on a review of the record as a whole, the error is deemed prejudicial. National R. Pas-

senger Corp. v. 25,900 Square Foot, 766 F.2d 685, 688 (2nd Cir.1985). "Determination of whether error was prejudicial is guided by the harmless error doctrine as incorporated in Fed.R.Civ.P. 61." *Id.* That doctrine cautions that a judgment should stand unless it appears inconsistent with substantial justice because it followed from an error that affected the substantial rights of the parties. Fed.R.Civ.P. 61.[4]

■ Since the Court's malicious prosecution instruction only resulted at the most in a harmless error, a new trial is inappropriate under either the "plain error" or "prejudice" standard. "To recover on a claim of malicious prosecution under New York law, a plaintiff must establish four elements: that (1) the defendant either commenced or continued a criminal proceeding against him; (2) that the proceeding terminated in his favor; (3) that there was no probable cause for the criminal proceeding; and (4) that the criminal proceeding was instituted in actual malice." *Russo v. State of N.Y.,* 672 F.2d 1014, 1018 (2nd Cir.1982).

Plaintiff contends that the Court's definition of "malice" was too restrictive. Plaintiff correctly cites *Brault v. Town of Milton,* 527 F.2d 730, 739 (2nd Cir.1975), which held that "the 'malice' that lies at the basis of the action does not necessarily involve spite, hatred, malevolence or a corrupt design; it is sufficiently established by showing that the baseless suit was instituted from any improper and wrongful motive." *See also, Weg v. Macchiarola,* 729 F.Supp. 328, 336 (S.D.N.Y.1990) ("plaintiff is not required to prove that the defendant was motivated by spite or ill will, although such proof will satisfy the legal requirements").

To find prejudice the charge must be viewed in its entire context. *National R. Passenger Corp. v. 25,900 Square Foot,* 766 F.2d 685, 688 (2nd Cir.1985). There are three reasons to negate the existence of prejudice: First, other language in the charge off-set any prejudice resulting from the "spite, ill will, or grudge" language. The Court's instruction defined "malice" as when the prosecution is "totally baseless and ... initiated ... for an improper or wrongful motive, rather than to bring a criminal to justice." These words mirror the language in *Brault v. Town of Milton,* 527 F.2d 730, 739 (2nd Cir.1975). Furthermore, the Court properly instructed as to the relationship between probable cause and malice. The Court's charge stated that "if you find that probable cause was totally lacking, you may, although you are not required to, infer malice from the total lack of probable cause". This language permitted the jury to infer malice, even if the plaintiff could not show direct evidence of "spite, ill will, or grudge".

Second, the plaintiff has shown no evidence that at the trial the jury was in any way confused by the malice instruction. The jury deliberated for three hours and never sent out a note. It never indicated it was confused. Nor did it ever request a rereading of the charge. As a matter of fact, in their answer to the inquiry as to whether malice existed, the jury answered "no". There is no basis for believing that the jury was confused as to the malice element of malicious prosecution. Importantly, plaintiff has made no attempt to show that the evidence at trial proved that malice existed under any definition of the term. Therefore, the Court finds that no rational jury could have found actual malice, even if the objectionable language had been omitted. Any error in the instruction could not have prejudiced the plaintiff.

■ Third, the Court finds as a matter of law that since there was probable cause to arrest the plaintiff there was probable cause to prosecute him. Any error in the court's "malice" definition was therefore

4. Fed.R.Civ.P. 61 provides: "No error in either the admission or the exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court or by any of the parties is ground for granting a new trial or for setting aside a verdict or for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties."

harmless. It is well-settled that "a plaintiff may not recover for a violation of his civil rights arising out of an arrest if probable cause to arrest is established". *Parker v. Hearn*, 695 F.Supp. 1421, 1425 (E.D.N.Y. 1988) (summary judgment in favor of defendant police officer, on both false arrest and malicious prosecution claims, where defendant had probable cause to arrest plaintiff). *See also, Jaroslawicz v. Seedman*, 528 F.2d 727, 732 (2nd Cir.1975); *Lindsey v. Loughlin*, 616 F.Supp. 449 (E.D.N.Y. 1985); *Greene v. Brown*, 535 F.Supp. 1096, 1100 (E.D.N.Y.1982). In other words, probable cause to arrest is, as a matter of law, automatically probable cause to prosecute. Probable cause to arrest is satisfied when a police officer has knowledge of "facts and circumstances sufficient to warrant a prudent man in believing that an offense has been committed". *Gerstein v. Pugh*, 420 U.S. 103, 111, 95 S.Ct. 854, 861, 43 L.Ed.2d 54 (1975).

The jury in this case arrived at the bizarre conclusion, as stated in its answers to special verdict interrogatories, that there *was probable cause to arrest* the plaintiff, but there was not probable cause to prosecute him.[5] It is difficult to harmonize these verdicts. As stated above, if there was probable cause to arrest the plaintiff, it necessarily follows that there was probable cause to prosecute him. *See Parker, supra.* In any event, after carefully reviewing the record, the Court finds as a matter of law that there could be but one reasonable conclusion as to the element of probable cause and that therefore no rational jury could find that the prosecution was commenced without probable cause. Any error in the Court's definition of "malice" was totally harmless.[6]

Since plaintiff failed to make a timely objection to the jury charge, and since any error in the jury charge was entirely harmless, plaintiff's motion for a new trial is hereby denied.

SO ORDERED.

---

**5.** The Court is aware that there may be an inconsistency between these two interrogatories, although plaintiff does not raise the issue in his motion. Although there is no inconsistency between the interrogatories and the general verdict, the Court will attempt to harmonize any inconsistency. *See* Fed.R.Civ.P. 49(b). When verdicts are inconsistent, "judgment shall not be entered, but the court shall return the jury for further consideration of its answers and verdict or shall order a new trial". Fed.R.Civ.P. 49(b). "Even in circumstances where jurors announce verdicts that are arguably inconsistent, courts are obliged to harmonize their findings on any reasonable interpretation that finds support in the evidence". *Rivera v. La Porte*, 896 F.2d 691, 694 (2nd Cir.1990). However, courts have found inconsistency in similar cases. For example, in *Adams v. New York City Housing Authority*, 265 N.Y.S.2d 220, 221, 24 App.Div.2d 948 (1st Dept.1965), a new trial was ordered when the jury found for the defendant on the charge of false arrest, yet nevertheless found for the plaintiff on the charge of malicious prosecution. Since in this case the jury found probable cause to arrest the plaintiff, the Court finds as a matter of law that there was probable cause for both the arrest and the subsequent prosecution. It is therefore not concerned with the apparent inconsistency.

**6.** Defendant moved for a directed verdict on the grounds of qualified immunity. Government officials performing discretionary functions are shielded from personal liability "insofar as their conduct does not violate clearly established rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982). "Even where the permissible scope of activity is clearly defined, the qualified immunity defense protects an official if it was 'objectively reasonable' for him to believe his acts were 'lawful." *Magnotti v. Kunz*, 918 F.2d 364, 367 (2nd Cir. 1990). The Court reserved decision on this defense. Defendant now states in opposition to this motion that had the jury reached a verdict in favor of the plaintiff, he would have been entitled to a JNOV predicated upon such qualified immunity.