In re WEDTECH CORP. f/k/a Welbilt
Electronics Die Corp., Debtor.

CEPA CONSULTING LTD., as Liquidating Trustee for the Liquidating Trust
of Wedtech Corp., Plaintiff,

v.

NEW YORK NATIONAL BANK,
INC., Defendant.

Bankruptcy No. 86 B 12366 (JHG).
Adv. No. 92–8472A.

United States Bankruptcy Court,
S.D. New York.

June 7, 1996.

Angel & Frankel by John H. Drucker and Laurence May, New York City, for CEPA Consulting Ltd.

Hahn & Hessen by Gabriel B. Schwartz and David Posner, New York City, for New York National Bank.

*DECISION ON MOTION TO VACATE PORTIONS OF THE JURY'S SPECIAL VERDICT AND FOR AN ORDER DIRECTING EITHER A NEW TRIAL OF THE AFFIRMATIVE DEFENSE UNDER 11 U.S.C. 547(c)(2) OR ENTRY OF JUDGMENT IN FAVOR OF DEFENDANT AS A MATTER OF LAW UPON ADDITIONAL FINDINGS TO BE MADE BY THE COURT*

JEFFRY H. GALLET, Bankruptcy Judge.

## I. BACKGROUND

Plaintiff, CEPA Consulting, Ltd., as liquidating Trustee for the Liquidating Trust of Wedtech Corp. ("Plaintiff" or "CEPA"), sued Defendant, New York National Bank ("Defendant" or "NYNB"), to recover the amount paid on a certain loan, as a preference, pursuant to 11 U.S.C. § 547. NYNB asserted, *inter alia*, the affirmative defense that the repayment was in the ordinary course of business under 11 U.S.C. § 547(c)(2).

The adversary proceeding was tried before a jury. At the close of the trial, the jury rendered a special verdict on interrogatories. The jury found for the Plaintiff and rejected NYNB's ordinary course of business defense. A judgment has been entered on the verdict.

## II. INTRODUCTION

Defendant moves[1] pursuant to FED. R.CIV.P. 49(a), 50 and 59 for an order: (a) vacating the jury's special verdict answers to questions 2, 3, 4, 5 and 6 on the grounds that no judgment may be entered in favor of either party; and (b) directing either a new

trial of its affirmative defense under 11 U.S.C. § 547(c)(2) or the entry of judgment in its favor, as a matter of law, upon additional findings to be made by this court. As an initial matter, I am deeming this a motion to set aside a judgment[2] since judgment was entered prior to this motion being heard, even though the motion was made before the judgment was entered.

Plaintiff opposes the motion on the grounds that the special verdict form, as well as the jury's answers, were faithful to the statutory elements of the ordinary course defense, and that NYNB had ample opportunity to review and raise objections to the special verdict, but it did not do so.

## III. FACTS

Prior to the end of testimony, each party submitted proposed jury charges and special verdict interrogatories. I held an informal conference with counsel after receiving them.

On the day before I charged the jury, NYNB submitted revised proposed jury instructions and a revised proposed special verdict form, almost identical to the one previously submitted.[3]

Later that morning, counsel for the parties attempted to draft a joint charge on the ordinary course defense, but were unable to do so.

On the morning of the day I charged the jury, after testimony had ended and counsel had summed up, and after reviewing the parties' submissions, I drafted my own jury instructions and special verdict questions.

Before charging, I submitted a copy of my jury instructions and special verdict questions to counsel for comment. NYNB did not object to the questions, but did object generally to the ordinary course charge. NYNB and CEPA each wanted me to add language to the charge mirroring the lan-

---

1. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334(b) and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York, dated July 10, 1984 (Ward, Acting C.J.). This is a core matter under 28 U.S.C. § 157(b)(2)(F).

2. FED.R.CIV.P. 59 as made applicable to this proceeding by FED.R.BANKR.P. 9023.

3. The only change NYNB made was in the order of the questions, and this change did not affect the order of the ordinary course defense questions.

guage in the *In re Roblin Indus., Inc.*[4] case. I added that language to the charge. In addition, in response to plaintiff's objection that the instructions unfairly emphasized the timeliness aspect of the payments, I further revised the instruction on the ordinary course defense.

In terms of any further objection, NYNB's counsel stated:

> "[A]s to the rest of it [the charge on the ordinary course defense], I do not agree that there is anything wrong with the charge on ordinary course.
>
> The circumstances of the payment, I think, are mentioned, if they are not, they should be.
>
> I certainly don't think it's one-sided. I am not crazy about it myself, but I don't think I could say it is not balanced."

Each counsel had comments on the wording of the questions and they were revised to reflect those comments. I then asked counsel:

> "THE COURT: Does anybody have anything on the interrogatories other than the grammatical changes?
>
> MR. DRUCKER: One goes more to grammar, if you give me a moment.
>
> THE COURT: Okay, all these are fine. I am going to make all the changes."

NYNB's counsel raised no objection at that time, nor did he raise the objection he puts forth in this motion at any time that day.

The special verdict form, with minor grammatical changes, was submitted to the jury after it was charged.

After I charged the jury, NYNB renewed its objection to certain portions of the charge. However, it did not object to the ordinary course defense charge or to the special verdict form.

On April 16, 1996, the jury returned a verdict for CEPA. NYNB now prays for an order setting that verdict aside.

 NYNB had an affirmative obligation to bring its objection to me, either immediately prior to the charge or at the conference after the charge, before the jury retired. *Pettus v. Grace Line, Inc.*, 305 F.2d 151, 156 (2d Cir.1962) (Dissenting Opinion). It failed to meet that obligation.

## IV. LAW

In sum NYNB argues:

1) The jury's special verdict on NYNB's ordinary course defense is either internally inconsistent or totally irrelevant.

2) There was no actionable verdict on NYNB's ordinary course defense because the special verdict form failed to ask the questions required by 11 U.S.C. 547(c)(2) and the jury failed to answer them.

3) NYNB preserved its right to have proper findings made before entry of any judgment.

4) The court should find that NYNB sustained its ordinary course defense and enter judgment accordingly.[5]

CEPA argues that I may not consider any of NYNB's legal arguments because it waived its right to object to the special verdict form.

As an initial matter, NYNB argues that it did properly object. In support of this argument, it relies on FED.R.CIV.P. 46, which states:

> Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action which the party desires the court to take or the party's objection to the action of the court and the grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice the party.

NYNB believes it made appropriate and timely objections, and, therefore, did not

---

**4.** 78 F.3d 30 (2d Cir.1996).

**5.** As to the special verdict question "Was the November loan repaid in the ordinary course of Wedtech's (the Debtor) business?," the jury answered "no." With that finding of fact, there is no theory under which NYNB could prevail.

waive them. Specifically, NYNB relies on its proposed special verdict forms, filed April 7, 1996 and the resubmission of essentially the same set of interrogatories, filed the day before the jury was charged, to satisfy the requirement of Rule 46. It did not object to the interrogatories thereafter.

■ Our system of lay juries requires that we call on our citizens, often at great personal or business inconvenience, to lay aside all other commitments and serve as jurors. So that their time is well used, we have devised a system that requires that all issues bearing on jury verdicts be put squarely before the court, and decided, before the jury deliberates or is discharged. Issues not placed before the court prior to discharge of the jury are deemed waived. *Manes v. Metro-North Commuter R.R.*, 801 F.Supp. 954 (D.Conn.), *aff'd* 990 F.2d 622 (2d Cir.1993); *Cote v. Butler's Estate*, 518 F.2d 157 (2d Cir.1975).

NYNB argues that when I did not use its three submitted interrogatories, I ruled against it on the contested issue, relieving NYNB of the requirement of making further objections in order to preserve its exception to the questions finally used. FED.R.CIV.P. 46. In *Salzmann v. Sciccitano*, 782 F.Supp. 195 (E.D.N.Y.1991), the court held that "... a submission before trial of written charge requests is no substitute for satisfying the requirements of Rule 51." *Id.*, at 198. *See also, Morse/Diesel v. Trinity Indus., Inc.*, 875 F.Supp. 165 (S.D.N.Y.1994).[6]

Although, these two cases refer to an objection to a jury charge, the reasoning is applicable to special verdict questions. A timely objection by NYNB would have given me the opportunity to correct any error it perceived existed. *Cohen v. Franchard Corp.*, 478 F.2d 115, 122 (2d Cir.1973), *cert. denied* 414 U.S. 857, 94 S.Ct. 161, 38 L.Ed.2d 106 (1973). Indeed, NYNB objected to a

portion of the jury charge and I revised the charge accordingly.

What NYNB fails to note is that the issues of the charge and the special verdict questions remained open until the jury retired to deliberate. Changes were made to both the charge and the questions immediately prior to my charging the jury. Indeed, the parties had additional opportunity to object to the questions after the charge and before the jury retired to deliberate. The questions ultimately used were not extant when NYNB submitted its proposed questions.

NYNB did not satisfy Rule 46 because its claimed objection was not sufficient to make me aware that it was still before me. Indeed, at no time, not even after the jury rendered it verdict, did NYNB raise the issue of the verdict form or claim that the answers to the interrogatories were internally inconsistent. Moreover, NYNB did not ask me to resubmit the issue to the jury.

> Under FED.R.CIV.P. 46, an exception is sufficient if the party makes known to the court his objection to any action and the reasons for the objection. Since the function of the exception is notice to the court, the test of sufficiency of an exception is whether from the circumstances it was clear to the court that the objector disagreed with its actions.

*Pettus v. Grace Line, Inc.*, 305 F.2d 151, 156 (2d Cir.1962) (Dissenting Opinion).

It certainly was not clear to this judge that NYNB disagreed with the final jury questions. NYNB was given the opportunity in the charging conference, and before the jury retired to deliberate, to object to the jury questions. However it did not.

NYNB also argues, under FED.R.CIV.P. 49(a), that there was no actionable verdict on NYNB's ordinary course defense because the special verdict form failed to ask the ques-

6. Fed.R.Civ.P. 51 states:
 At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. The court, at its election, may instruct the jury before or after argument, or both. No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict, stating distinctly the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.

tions required by 11 U.S.C. § 547(c)(2) and the jury failed to answer them. FED.R.CIV.P. 49(a) states:

> The court may require a jury to return only a special verdict in the form of a special written finding upon each issue of fact. In that event the court may submit to the jury written questions susceptible of categorical or other brief answer or may submit written forms of the several special findings which might properly be made under the pleadings and evidence; or it may use such other method of submitting the issues and requiring the written findings thereon as it deems most appropriate. The court shall give to the jury such explanation and instruction concerning the matter thus submitted as may be necessary to enable the jury to make its findings upon each issue. **If in so doing the court omits any issue of fact raised by the pleadings or by the evidence, each party waives the right to a trial by jury of the issue so omitted unless before the jury retires the party demands its submission to the jury. As to an issue omitted without such demand the court may make a finding; or, if it fails to do so, it shall be deemed to have made a finding in accord with the judgment on the special verdict.** (emphasis added)

NYNB argues that, although the court's charge did submit to the jury all the questions properly raised in NYNB's ordinary course defense, the special verdict form did not allow the jury to make proper written findings upon such defense. NYNB believes that their original verdict form was the proper form for the jury, and the form submitted to the jury actually departed from the statute and the case law.[7]

NYNB waived this argument because it did not raise its objection as directed by Rule 49(a). The time for NYNB to have raised its objection to the special verdict was after the jury rendered its verdict, but before it was dismissed. "To allow a new trial after the objecting party failed to seek a proper remedy at the only possible time would undermine

the incentives for efficient trial procedure and would allow the possible misuse of Rule 49 . . ." *Skillin v. Kimball,* 643 F.2d 19, 20 (1st Cir.1981). *See also Cote v. Butler's Estate,* 518 F.2d 157 (2d Cir.1975) (Failure to bring exception to omission in special verdict was waived on appeal); *J.C. Motor Lines, Inc. v. Trailways Bus Sys., Inc.,* 689 F.2d 599 (5th Cir.1982) (If a party fails to object to a special verdict, it can not do so for the first time on appeal); *Manes v. Metro–North R.R.,* 801 F.Supp. 954 (D.Conn.), *aff'd* 990 F.2d 622 (2d Cir.1993) (Failure to raise a timely objection to the jury verdict, prior to the jury's discharge, constitutes a waiver and prohibits using verdict inconsistency as a basis for a new trial regardless of whether the verdict is governed by FED.R.CIV.P. 49(a) or (b)).

NYNB argues that cases have held that even where the trial court has entered judgment upon a special verdict, notwithstanding the fact that there was no objection to the special verdict form, the entry of the judgment was plain error and the court ordered a new trial. In support of this NYNB cites to *Hager v. Gordon,* 171 F.2d 90 (9th Cir.1948) and *Martin v. Gulf States Utilities Co.,* 344 F.2d 34 (5th Cir.1965).

In *Hager,* the court did not consider FED. R.CIV.P. 49(a), nor is it clear that there was not an objection to the special verdict. In *Martin,* the jurors were obviously confused and could not agree on a verdict. The court found that the answers to the special verdict could not be logically reconciled.

NYNB relies on a question submitted to the court by Juror Killian asking "What is meant by 'ordinary'? Is it ordinary for Wedtech and the bank, or ordinary for general business.," to support its position that the questions were inconsistent with the charge. I directed the jurors to reread the charge, which was given to the jurors on agreement of the parties. Apparently, this reread resolved that question, because I did not receive another communication on the subject, and the jury promptly came to an unanimous verdict. This was not the case in *Martin*

---

7. Under any interpretation of the law in area of the ordinary course defense, NYNB's argument fails. As to the special verdict question "Was the

November loan repaid in the ordinary course of Wedtech's (the Debtor) business?," the jury answered "no."

where the court received seven questions from the jurors, and the jurors deliberated for twelve hours.

The issue of waiver under Rule 49(a) is still in flux.[8] However, in *Denny v. Ford Motor Co.*, 42 F.3d 106 (2d Cir.1994), the Second Circuit held that "[a] case-by-case application of the familiar principles of waiver, which is our approach under Rule 49(b), thus seems desirable under Rule 49(a)." *Id.* at 111.

The *Denny* case addressed an earlier Second Circuit opinion in *Auwood v. Harry Brandt Booking Office, Inc.*, 850 F.2d 884 (2d Cir.1988), which seemed to base waiver on whether the case involved a special verdict under Rule 49(a) or a general verdict under Rule 49(b). The *Denny* court found that the basis for a distinction under Rule 49(a) and Rule 49(b) was "unclear." 42 F.3d at 111. In addition, it cast doubt on whether the *Auwood's* discussion of the distinction between the two rules was actually a holding or dicta. *Id.*

More recently, in *Grant v. Westinghouse Elec. Corp.*, 877 F.Supp. 806 (E.D.N.Y.1995), the District Court for the Northern District of New York confirmed the reasonableness of the case-by-case analysis announced in *Denny*.

■ In determining whether an objection has been waived, courts are guided by when the objection was actually made.[9] NYNB was given ample opportunity to object to the special verdict questions. By failing to object, it waived whatever alleged defect may have existed. To hold otherwise would "result in the jury's work-product being unfairly scuttled...." *Id.* NYNB's silence prevented any claimed defect "from being remedied on that day, by that jury, based on evidence presented over the course of ... trial." *Id.*

at 815. NYNB's failure to speak up should not give it the right to a second trial.

The motion is denied.

Settle order.

---

8. Compare *Malley–Duff & Associates v. Crown Life Ins. Co.*, 734 F.2d 133, 144–145 (3d Cir.), *cert. denied*, 469 U.S. 1072, 105 S.Ct. 564, 83 L.Ed.2d 505 (1984) (no waiver); *Mercer v. Long Mfg. N.C., Inc.*, 671 F.2d 946, 947 (5th Cir.1982) (no waiver), with *Itel Capital Corp., v. Cups Coal Co.*, 707 F.2d 1253, 1261 (11th Cir.1983) (waiver); *Skillin v. Kimball*, 643 F.2d 19, 20 (1st Cir.1981) (waiver).

9. *Lavoie v. Pacific Press & Shear Co.*, 975 F.2d 48 (2d Cir.1992) (issue raised for the first time on appeal; defendant had waived); *Haskell v. Kaman Corp.*, 743 F.2d 113 (2d Cir.1984) (failure to raise inconsistency before jury was discharged was waiver); *United States Football League v. National Football League*, 842 F.2d 1335 (2d Cir.1988) (failure to raise inconsistency before jury was discharged was waiver).